### Stearns Coal & Lumber Company, et al. v. Tuggle, By Next Friend.

(Decided January 8, 1914).

### Appeal from Whitley Circuit Court.

1. Master and Servant—Injury to Child under Sixteen.—Where a child under sixteen years of age is injured in a dangerous employment, it is not necessary, to sustain a recovery in his behalf, that there should be evidence that the place in which he was working was unsafe or the appliances defective.

2.  Master and Servant—Fellow Servants.—Drivers in charge of different trains of cars in a mine are not fellow servants.

THARP & SMITH for appellants.

ROBERT HARDING, JOHN W. RAWLINGS, R. L. POPE and R. S. ROSE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Ray Tuggle, at the time he received the injuries complained of, was under sixteen years of age and an employe of the appellant company. When injured he was engaged in driving a mule hitched to four loaded coal cars, and was seated on the front end of the front car with his feet hanging over the end. Another loaded train of cars, in charge of a driver named Richmond, had started out of the mine about twenty-five minutes before Tuggle's train started, but for some reason not very clearly shown in the evidence the first train stopped at a trap door at the foot of a heavy grade, and when Tuggle, in the darkness of the mine, first discovered the train of cars standing on the track in front of him, he was only sixty or seventy feet away and he was unable to stop his train. The mule he was driving, to use the language of Tuggle, "had been in the mine nine or ten years, and he was pretty well up to all the tricks and had a great deal more experience in working in a mine than I had. And when I first saw Richmond and whistled, the mule just slowed up and sat down on my lap on the front end of the car and held me, and let the trip run up on him; and when the car got to moving up to Richmond, he jumped over the hind car of Richmond's trip to one side, and I moved my left leg as quick as I could out of the way, but did not get my right leg out in time, and got this ankle mashed all to pieces. The mule seen he was going to have to jump or get caught and he jumped to the right-hand corner of the car."

When this experienced mule saw that a collision was inevitable and jumped out of the way to avoid it, the front car on which Tuggle was riding collided with the rear car of Richmond's train, thereby causing the injuries to recover damages for which Tuggle sued, obtaining a judgment for two thousand dollars.

Although several grounds of negligence were charged in the petition, it is shown by the record that the case went to the jury upon the ground that Tuggle was under

the statutory age and therefore his employment was unlawful and that the company was further remiss in failing to furnish him a reasonably safe place and reasonably safe appliances with which to work. We think, however, that the accident was really due to the fact that Richmond stopped his train of cars at the foot of the grade when he should have gone ahead, and this being so, the negligence in the operation was due to the fault of Richmond.

Taking this view of the matter, it is urged that there can be no recovery because it is said Richmond and Tuggle were fellow servants. But aside from the fact that the fellow servant doctrine has no place in the case, as Tuggle was within the prohibited age, they were not fellow servants any more than would be employes on different street cars or on different railroad trains. L. & N. v. Brown, 127 Ky., 732; Louisville Ry. Co. v. Hibbitt, 139 Ky., 43.

Instruction No. 3 is the only one criticised, and it reads as follows: "If you believe from the evidence that the plaintiff, Ray Tuggle, at the time of the injury complained of in the petition was under the age of sixteen years, which fact was known to the defendants or the one or ones managing, operating or controlling the mines mentioned in the evidence, their agents or servants, or by the exercise of reasonable diligence could have been known to it or to them; and further believe from the evidence that said employment of said Tuggle was without the knowledge or consent of J. B. Tuggle, the father of the plaintiff, then the law is for the plaintiff, Clarence Tuggle, and you will so find."

The objection urged to this instruction is that it authorized a recovery irrespective of whether the appellants were negligent or not, and besides, does not define the measure of damages the jury might assess in the event they found for Tuggle.

It is very true that instruction No. 3 does not describe the character of damages, but instruction No. 4, of which no complaint is made, correctly advised the jury upon this subject, and it was not necessary to restate it in instruction No. 3, nor was it necessary to authorize a recovery under instruction No. 3 that the jury should have been told they must believe the persons employing Tuggle were negligent in the discharge of some duty that they owed him. Indeed the instruction, although not aptly worded and open to criticism, is upon the whole more

favorable than appellants were entitled to. The evidence shows that Tuggle was under sixteen years of age and that the company was advised of this fact before it employed him and was also warned not to employ him in the character of work he was engaged in when injured. The rights of an infant under sixteen years of age and the duty and liability of his employer are so fully set out in the case of Louisville, Henderson & St. Louis Ry. Co. v. Lyons, 155 Ky., 396, that it is not necessary to do more than refer to that opinion for the law applicable to cases like this.

Another ground urged for reversal is that the verdict is excessive. Upon this point the evidence shows that the ankle and foot of Tuggle were caught between the cars and severely injured, and that he was confined to his bed about a month and a half, and went on crutches about the same length of time, and that after he was able to dispense with the crutches, he had to go sometime without a shoe on the injured foot. The trial took place more than two years after the accident, and it was further shown by the evidence that at the time of the trial the injured foot was stiff from the effects of the injury and that if Tuggle walked a few miles at a time his foot would swell to such an extent that he would have to take his shoe off, and that it would remain in a sore and swollen condition for three or four days.

We think the evidence shows that the injury is permanent, and this being so, the verdict was not excessive.

The judgment is affirmed.