## Mason & Hurst Company, et al. v. Feltner, By et al.

(Decided October 19, 1915.)

### Appeal from Perry Circuit Court.

1. Damages—Action for Personal Injuries—Independent Contractor—Burden of Proof.—In a suit against a railroad company to recover for personal injury suffered by a servant of one of its employees engaged in doing tunnel work, and where the answer alleged that the servant was employed by the tunnel worker, and the tunnel worker was employed by the railroad, the burden of proof is upon the railroad to sustain its controverted allegation that the tunnel worker was an independent contractor.

2. Negligence.—The mere fact of an explosion of a steam boiler creates no presumption of negligence.

3. Negligence—Children.—Where the petition charges negligence with reference to the operation and management of a steam boiler a recovery can not be had for unlawful employment of a child under 16 years of age engaged at work in a dangerous place.

WOOTTON & MORGAN, SAMUEL M. WILSON, BENJAMIN D. WARFIELD and CHARLES H. MOORMAN for appellants.

F. J. EVERSOLE and HOGG & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee, an infant under 21 years of age, brought this action by his father as next friend against the Mason & Hurst Company and the Lexington & Eastern Railway Company to recover damages for injuries received in a boiler explosion, and obtained a verdict and judgment against them jointly for $2,500. There was proof that he was badly scalded about the head and face, and one eye and one ear permanently injured.

The appellants seek a reversal upon several grounds. The first is that the petition does not negative contributory negligence. The appellants, by separate answers, affirmatively set up that the plaintiff was guilty of contributory negligence and but for which he would not have been injured. Whether or not the petition was defective in this regard the answers cured it. This was denied by reply, so that issue was joined and the case submitted upon these propositions.

The appellant, Lexington & Eastern Railway Company, contends that the court erred in failing to direct the jury peremptorily to find for it, because, as it says, there is no proof to sustain the allegation that the plaintiff was employed by the railroad. The injury occurred while he was employed and at work on its property where it was having a tunnel driven. The petition charged that the railroad had "employed" the Mason & Hurst Company to do this work, and that both companies had "employed" the boy to work there.

Appellants filed separate answers, and each admits "that Mason & Hurst Company were employed to and did build for the railroad company the tunnel in question, and that the Mason & Hurst Company contracted with it (the railroad) to move all the stone and other material out of the tunnel at so much per cubic yard; and that they were to do said work according to plans and specifications furnished by it." A reply was filed to the answer of the railroad which controverted the allegations with reference to Mason & Hurst Company doing the work under contract or by the yard, or according to plans and specifications. It is immaterial that issue was not joined on the Mason & Hurst answer in this regard. The issue raised by the pleadings was whether the work was done by an independent contractor. Under the pleadings, the burden was upon the railroad to establish that fact, because its answer affirmed it. Although there

is an absence of proof on the question still it can only operate to the disadvantage of the railroad and not to the appellee.

A more serious question is whether there was evidence to sustain the charge of negligence in the operation of the boiler which exploded. The boiler was located about 175 yards from the mouth of the tunnel and steam was piped from it to the tunnel to operate drills. The plaintiff was employed as a water boy, but it was his duty also to run errands. At the time in question there was a failure of steam supply at the drills in the tunnel, and the drill men sent the boy to the boiler to notify the fireman of the fact and request him to turn on the steam. When he got nearly to the boiler and had just spoken to the fireman the explosion occurred. Nothing more is known or told about the circumstance except that the boy saw two Austrians packing water for the boiler; one of them was nearby and the other was going down the river bank with two buckets. Several days later the Mason & Hurst Company sent a man named Gambrel to repair the boiler. Describing the boiler as he found it, he says: "The stay bolts had give way that holds the crown-sheet up to the outside of the boiler. The tensile of the boiler was weak." Without a show of further facts upon which to base an opinion he was asked to venture one upon the "cause of the bolts coming loose and the crown-sheet falling." He answered: "The water gets off the top of the crown-sheet and you've got a high pressure, and that causes the tensile strength of the boiler to give way, and that pulls out the stay bolts that bolts it up. Q. That is turning the water on? A. Yes."

Manifestly if the water is permitted to get too low in any boiler and cold water is turned in upon high steam pressure an explosion will result, but the witness Gambrel was not there at the time of the explosion and does not intimate that such conditions existed in this case. There is no proof about the stage of water in the boiler, or the amount of steam pressure, or of any attempt to turn water into the boiler.

The petition charges that the "injuries were caused by the negligence and carelessness of defendants in the operation of said boiler and by the negligence and carelessness of the servants of defendants who operated and managed said boiler at the time." We have made reference to the only evidence on the proposition. It does not show that the appellants or their servants were neg-

ligent or careless in the operation or management of the boiler. The only thing established is the fact of the explosion and the condition of the stay bolts and crown-sheet afterwards—a condition common to most boiler explosions, negligent or not. The case resolves itself down to whether a boiler explosion gives rise to the presumption of negligence. That is, whether the doctrine of *res ipsa loquitur* applies. This was answered in the negative in the recent case of Branham's Admr. v. Buckley, 158 Ky., 848, where in a case like this the duty of the defendants was the exercise of ordinary care to prevent injury:

"The fact of an explosion of a steam boiler creates no presumption of negligence."

In addition to the cases there cited Louisville Gas Company v. Kaufman, Straus & Co., 105 Ky., 131; 48 S. W., 434, is to the same effect.

A leading case on the subject is Huff v. Austin, 46 Ohio St., 386; 21 N. S., 864; 15 Am. St. Rep., 613. We quote:

"Instances are not infrequent of steam boiler explosions where there has been no want of ordinary care and skill in their management, and even when there has been the greatest care; and explosions of steam boilers have happened of so mysterious a character that they could not with confidence be assigned to any known cause."

In reply to this appellee calls attention to the fact that the evidence shows the boy was only 13 years old at the time of his injury, and that he was employed in violation of Section 331a, sub-section 11, Kentucky Statutes. By that section it is made unlawful to employ a child under 16 years of age to work in any occupation dangerous to life, limb or health. In such cases the doctrines of assumed risk, fellow servant and contributory negligence have no application. Had the petition been framed and the case practiced on that theory the sole question for submission to the jury, under the proof as we now have it, would have been whether the occupation of the boy at the time was dangerous to life or limb. L. H. & St. L. Ry. Co. v. Lyons, 155 Ky., 396; Stearns Coal & Lbr. Co. v. Tuggle, by etc., 156 Ky., 714. The appellee's difficulty is that he is seeking to raise these issues for the first time on appeal. From the petition it is merely made to appear that the boy is under 21 years of age, and even that statement is made to justify the suit by his next friend. The only negligence charged had reference to the operation and management of the boiler.

Appellee for recovery is confined to the negligence alleged.

As the record stands on this appeal, we are compelled to reverse the judgment, because there is no evidence of the negligence alleged.

Thse case is reversed and remanded for a new trial consistent herewith.