## D. E. Hewitt Lumber Co., et al. v. Brumfield, Admr.

(Decided December 8, 1922.)

### Appeal from Martin Circuit Court.

1. Master and Servant—Dangerous Machinery—Damages—Infants.— A failure by the employer to guard dangerous machinery as required by subsection 10 of section 331a, Kentucky Statutes, does not render the employment of an infant an employment in wilful and known violation of that act, and does not give to the guardian or personal representative of an infant who is injured in the course of his employment about such machinery an election to sue at law for damages for the injury, as provided by subsection 30 of the Workmen's Compensation Act, sec. 4911, Kentucky Statutes, where both the employer and the employe have accepted the provisions of the latter act.

2. Master and Servant—Workmen's Compensation Act—Acceptance by Minors.—Subsection 11 of the Workmen's Compensation Act, sec. 4892 Kentucky Statutes, empowering minors to accept its provisions for compensation in lieu of the right to sue at law for damages for injuries received in the course of an employment under the act, does not contravene the inhibitions of subsection 6 or 7 of section 59 of the Kentucky Constitution against local and special legislation.

3. Master and Servant—Workmen's Compensation Act—Acceptance by Minors.—Where both the employer and an infant employe over 16 years of age had accepted the provisions of the Workmen's Compensation Act as therein provided, and the infant was not employed in wilful and known violation of any law of the state regulating the employment of infants, and where the employer had failed to properly guard dangerous machinery as required by subsection 10 of section 331a Kentucky Statutes, and the infant was accidentally killed in the course of his employment, the Workmen's Compensation Board has exclusive jurisdiction to award compensation therefor; and the personal representative was without right to maintain, and the circuit court without juris-

diction to try an action for damages for the infant's negligent death.

W. R. McCOY for appellant.

J. B. CLARK and KIRK & KIRK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Wilson Kirk, an infant, while employed at the sawmill of the appellant D. E. Hewitt Lumber Company, was, on October 5, 1917, caught in an unprotected belt and so injured that he died a few hours thereafter. Appellee Frank Brumfield, having been appointed and qualified as his administrator, instituted this action against the lumber company and its foreman, Charles Clay, to recover $25,000.00 damages for his death. A trial resulted in a judgment against the defendants for $10,000.00, and they have appealed.

Defendants, by the first paragraph of their answer as amended, alleged facts showing that the defendant lumber company came within and had accepted the provisions of the workmen's compensation act before the accident occurred, and was operating its plant thereunder at the time; that decedent, when he was employed by the company in July, 1917, accepted the provisions of that act as provided by subsection 74 thereof; that at the time of his employment and death he was more than 16 years of age; that he was not employed in violation of any of the provisions of section 331a of the statutes, or any subdivision thereof, or of any law of the state regulating the employment of minors; and that by reason of these facts the court did not have jurisdiction of the action and "this plaintiff is now estopped and barred from prosecuting this action at law against the defendants in this court."

At the next term of the court the following order was entered:

"It is agreed by the plaintiff that the defendant D. E. Hewitt Lumber Company had accepted the terms and provisions of the workmen's compensation act of Kentucky, and that it was operating under same at the time complained of in the plaintiff's petition, and by agreement all other affirmative allegations of the defendant's answer are traversed of record."

It was shown by the evidence, without contradiction, that decedent, at the time of his employment and death,

was over 16 years of age and that he had accepted the provisions of the workmen's compensation act as provided in subsection 74 thereof, and the only violation of section 331a of the statutes proven against the defendant lumber company was a failure to comply with subsection 10 thereof, by properly guarding dangerous cogs, gearings, belting and other palpably dangerous machinery.

At the close of the evidence, the defendants entered a motion "to dismiss this action because this court does not have jurisdiction thereof upon the ground that the provisions of the Kentucky workmen's compensation law fixes the exclusive jurisdiction hereof in the workmen's compensation board." The motion was overruled, and the defendants excepted.

Subsection 3 of the compensation act (section 4882 of the statutes) provides that when, at the time of the injury, both employer and employe have elected to accept the provisions of the act, the employer shall be liable to pay compensation as therein provided, and shall be released from all other liability whatsoever for injuries received by an employe by accident and arising out of and in the course of his employment, or for death resulting from such injury within two years thereafter.

This section of the act is valid and confers upon the workmen's compensation board exclusive jurisdiction to award compensation for injuries to the employe where both the employer and employe have properly accepted the provisions of the act, as this court has held in many cases, one of which is Grannison's Admr. v. Bates & Rogers Construction Co., 187 Ky. 538, 219 S. W. 806, and plaintiff does not contend otherwise, but insists that the cause of action at law for damages exists (1) under the further provisions of the act because decedent was a minor and his employment was unlawful, and (2) because the section of the act empowering minors to accept its provisions is unconstitutional and decedent's acceptance thereof was of no effect.

Provision is made by subsection 11 of the act (sec. 4892 of the statutes) for the acceptance by a minor employe of the provisions of the act "except where employed in wilful violation of any law of this state regulating the employment of minors," and it is therein declared that he "shall be deemed *sui juris* for the purposes of this act, and no other person shall have cause

of action or right to compensation for any injury to or death of such minor employe or loss of service on account thereof by reason of the minority of such employe.''

And it is provided by subsection 30 of the act (section 4911 of the statutes) that:

''In case any minor employe who is injured or killed is, at the time of such injury, employed in wilful and known violation, by the employer, of any law of this state regulating the employment of minors, his statutory guardian or personal representative of the minor so killed may claim compensation under the terms of this act, or may sue to recover damages as if this act had not been passed.''

It is under this latter provision of the compensation act that appellee first insists this action is maintainable. The petition did not allege however that decedent was employed ''in wilful and known violation'' of any law of the state regulating the employment of minors, but a failure was alleged by the employer to properly guard dangerous machinery, as required by subsection 10 of section 331a, which is our child labor law, and there is no claim or proof of a violation of any other provision of that act, or of any other act.

Unless, therefore, a failure by defendant to comply with that subdivision of the child labor law was an employment of decedent in wilful and known violation thereof, and gave to plaintiff the election provided for in subsection 30 of the compensation act, *supra*, he did not have the right, under the terms of that act, to maintain this action, and the court had no jurisdiction thereof.

This precise question was before us in Frye's Guardian v. Gamble Bros., 188 Ky. 283, 221 S. W. 870, and we there held that the failure upon the part of the employer to observe the duties enjoined by subsection 10 of section 331a was not an employment of the infant in wilful and known violation of the statute relating to the employment of infants, as is contemplated by subsection 30 of the compensation act. Our reasons for so holding are fully set out in that opinion and need not be restated here.

It is therefore clear that plaintiff was without right to maintain, and the court without jurisdiction to try, this action, unless, as is next contended by the appellee, the provision of the compensation act declaring infants

to be *sui juris* for the purposes of the act and empowering them to accept its provisions for compensation in lieu of the right to sue at law for damages, is unconstitutional and void.

The only ground for this contention is the assertion that the attempt to make an infant *sui juris* for the purposes of the act is in violation of subsections 6 and 7 of section 59 of the state Constitution, which are as follows:

"59.   The general assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely:   -

"6.   To affect the estate of *cestui que trust,* decedents, infants or other persons under disabilities, or to authorize any such persons to sell, lease, encumber or dispose of their property.

"7.   To declare any person of age, or to relieve an infant or feme covert of disability or to enable him to do acts allowed only to adults not under disabilities."

Obviously these inhibitions apply only to local and special legislation, and therefore do not apply here unless the compensation act is either a local or a special act. That it is neither seems so patent to us as to render discussion of the question difficult, if not impossible.

The constitutionality of this and similar acts of other states has been attacked upon many grounds, but we have been unable to find any case where this question has been raised, although many state constitutions, no doubt, contain similar limitations upon the part of the legislature to enact local and special legislation. No authority is cited that has any bearing upon the question, and no argument is made to sustain the bare assertion that this act is special legislation.

It is our conclusion that this provision is not unconstitutional; that the court was without jurisdiction to try this action, and that it should have been dismissed upon the motion of the defendant when that fact was made to appear from the evidence, as it did not from the pleadings, simply because material allegations of the plea to the jurisdiction were traversed by the plaintiff.

Wherefore the judgment is reversed with directions to dismiss the petition.