## Bradas & Gheens, et al. v. Hawkins, by, etc.

(Decided November 20, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Master and Servant—Assumption of Risk and Contributory Negligence Not Available in Case of Unlawful Employment of Infant. —Where a master employs an infant under 16 years of age in a factory, in violation of Ky. Stats., section 331a-1, 331a-17, master is an insurer of the infant's safety, and cannot take advantage of any of the affirmative defenses, such as contributory negligence or assumption of risk.

2. Master and Servant—Employer Liable for Injury to Infant Promising to Get Required Certificate.—If plaintiff told defendant that she was less than 16 years old, and defendant employed her in violation of Ky. Stats., sections 331a-1, 331a-17, defendant is liable for any injury which she received having a casual relation to her employment, notwithstanding she promised to get the required certificate from the superintendent of schools and failed to do so.

3. Master and Servant—Misrepresentations as to Age, Relied on by Employer, Held no Estoppel.—An infant's misrepresentation that

she was more than 16 years old, relied on by her employer, does not operate as an estoppel.

4. Master and Servant—Evidence Held to Show Employe was Less than 16 at Time of Injury.—Evidence held to warrant the jury in concluding that plaintiff was less than 16 years of age at the time of her employment and injury in a factory.

HUMPHREY, CRAWFORD & MIDDLETON for appellants.

J. L. RICHARDSON and J. H. SPEED for appellees.

Opinion of the Court by Chief Justice Sampson—Affirming.

On May 29, 1919, appellee, Nellie Hawkins, a minor, was employed by appellants, Bradas & Gheens, &c., to work in their candy factory in Louisville, and she started work on that day. Her duties required her to handle candy and syrup with coloring on a table. According to her testimony the day was spent at these duties, beginning at seven o'clock a. m. and ending at 5:30 p. m., having only one-half hour off at noon. The next day, May 30th, was a holiday and she did not work. On Saturday, the 31st, she began at seven o'clock a. m., and worked until 4:15 p. m., when the floor lady directed her to clean off her table, which required her to wash the top of it. To perform this duty she used a cloth and in running her hand over the top of the wooden table in her effort to clean it a large splinter entered her palm. This set up infection which led to blood poisoning. She was sent to the city hospital, where she was treated three weeks, and then went to her mother's home, where she remained a few days and was again returned to the city hospital, and remained eight (8) weeks. She suffered great pain and is now afflicted with a stiff wrist and hand.

This action was commenced by and through her guardian to recover damages for the injury, it being alleged that she was under the age of sixteen years at the time of her employment and injury, and that this fact was known to appellants and each of them at the time they employed her, and that she did not have a certificate from the superintendent of schools allowing her to accept employment or permitting another to employ her; and further, that appellants required her to work and did work her for more than eight hours per day while she was in their employ, and that all this was done on the part of appellants with gross carelessness and negligence.

Appellants denied that Nannie Hawkins was less than sixteen years of age, and averred that at the time she applied for the position she stated and represented to the employing agent of appellant that she was then nineteen years of age and married; that she looked to be that age, and appellants believing and relying upon her statement gave her employment; that she was not injured while in their employment, but if she were, it was through her own carelessness and negligence and not that of appellants; that her employment was not dangerous and that she assumed all the risks of danger ordinarily incident to her work.

The evidence for appellee conduces to show that she was only a few days over fifteen years of age at the time of her employment and injury; that she only worked two days; that she stuck a splinter in her left hand when washing off the top of the table; that this injury became infected by reason of her hand coming in contact with the poisonous dyes used in the coloring of the candies, and this produced blood poisoning, which caused her hand to swell and hurt and finally to become stiff and weak and of little use; that she suffered much pain and lost many weeks of time; that since her injury she has not been able to hold any other position although she had secured several and attempted to perform their duties; that she was now unable to perform any remunerative labor. It is also shown for her that she had no certificate from the superintendent of schools, required under section 331a, Kentucky Statutes, when an infant takes employment in a factory; but that appellant's foreman asked her for such a certificate and she agreed to get it and bring to him later but never did; that she worked more than eight hours per day in violation of the statutes; that although appellants were operating under the workmen's compensation act she did not sign the book and accept the terms thereof.

For appellants it was shown that when she applied for a job some woman, supposed to be her mother, accompanied her and represented to appellants' boss that she was more than sixteen years of age; that she signed the book and accepted the provisions of the workmen's compensation act; that she did not work more than eight hours per day and did not, so far as appellants and their servants were able to learn, receive any injury while in their employment; that she was more than sixteen years of age at the time of the employment and injury.

In the case of Louisville, Henderson and St. Louis Railway Co. v. Lyons, reported in 155 Ky. 406, we held that the child labor statutes, section 331a, prohibits the employment of children and said:

"It is unlawful to employ them, and the fact that it is unlawful to employ them is the reason why the employer who violates the statute should not be permitted to shield himself from his own wrong by setting up a defense that the child and not himself caused the accident. Except for his unlawful act in employing the child he could not have been injured, and the employer should not be permitted to take advantage of his own unlawful act by putting the consequences on an innocent party."

In the case of Sanitary Laundry Co. v. Adams, 183 Ky. 39, it was held that if the master employs a servant contrary to the provision of the child labor law, he is liable for all damages sustained by the infant having a casual connection with his employment, and this liability is not relieved by the misrepresentation made by the infant as to his age at the time of employment, although the master believed such representation and engaged the servant in good faith upon that belief. And this is in line with the weight of authority. A contrary holding "would result in indiscriminate evasions of the statute and permit the parties to accomplish by indirection that which is expressly prohibited by statute in the furtherance of a wholesome public policy."

In Adams case it is further said:

"That where a master employs an infant in contravention of a statute, and the infant sustains injuries proximately resulting from and having a casual connection with the employment, the master is liable and can not escape such liability through the intervention of any ordinary defense available against adults, including the affirmative one of contributory negligence, assumed risk, &c. Louisville & Henderson Ry. Co. v. Lyons, 155 Ky. 396; Inland Steel Company v. Yedinak, 172 Ind. 423."

Then the opinion says:

"But it does not necessarily follow that because this court in such cases, contrary to the general rule upon the subject (22 Cyc. 512; idem 610, 611), ap-

plies the doctrine of estoppel to infants that a master may plead estoppel against his infant servant, who was employed contrary to statutory provisions, so as to obtain the benefit of defensive pleas which would have been applicable but for the infancy of the servant. To so hold would result in indiscriminate evasions of the statute and permit the parties to accomplish by indirection that which is expressly prohibited by the statutes in furtherance of a wholesome public policy.''

To the same effect is Blanton, by, etc. v. Kellioka Coal Company, 192 Ky. 220.

Under the several subsections of section 331a, prohibiting the employment of infants under the age of sixteen years in factories and other industries, it is unlawful to work an infant under sixteen years of age in a factory without a certificate from the superintendent of schools being presented to the employer and kept on file by him; and it is unlawful under the same section to work such infant more than eight (8) hours on any one day, or to allow him to begin his employment before 7 a. m. or to continue it after 6 p. m. o'clock. The master takes the responsibility if he employs an infant under sixteen years of age in his factory and the infant receives an injury arising out of his employment. In effect the master is the insurer of the safety of the infant employee. He cannot take advantage of any of the affirmative defenses such as contributory negligence or assumed risk. If, as contended by appellee, Nellie Hawkins, she was less than sixteen years of age at the time she was employed by appellants, and she told them her age and that she was less than sixteen years, and with this knowledge appellants employed her in their factory and put her to work, they became liable to respond in damages for any injury she received which had a casual relation to her employment, and this is true even though she promised to get a certificate from the superintendent of schools and failed to do so. Appellants had no right to employ her until she presented the certificate. Our rule is even stronger than this, as shown by the Blanton and Sanitary Laundry cases. The misrepresentation of an infant as to his age does not operate as an estoppel in favor of the company although his misrepresentation is relied upon by the employer, and the infant may have recovery for injury growing out of his employment if it turns out he was

in fact less than sixteen years of age and was employed without a certificate from the superintendent of schools.

The question of whether Nellie Hawkins was under the age of sixteen years was submitted to the jury and from the evidence the jury found she was less than sixteen years of age, and awarded her guardian $750.00 in damages.

The instructions presented the law of the case. The evidence was sufficient to warrant the jury in concluding she was less than sixteen years of age at the time of her employment and injury in the candy factory. When it arrived at that conclusion it had only to fix the amount of damages which she had suffered by reason of the injury.

We find no error prejudicial to the rights of appellant and the judgment is affirmed.

Judgment affirmed.