## Elkhorn Coal Corporation v. Diets.

(Decided June 5, 1928.)

(As Modified, on Denial of Rehearing, November 13, 1928.)

## Appeal from Letcher Circuit Court.

1. Infants.—General Assembly had power to provide by Ky. Stats., sec. 4892, that minor should be deemed sui juris for purpose of Workmen's Compensation Act (Ky. Stats., secs. 4880 to 4968-2.)

2. Master and Servant.—Where minor under 16 years of age, whose mother was deceased, lived with stepfather, who had care and custody of him, stepfather's signing employment certificate required by Ky. Stats., sec. 4892, stating that he was over 16 years of age and showing that stepfather was his guardian, which was not true made minor sui juris as to application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2.)

3. Master and Servant.—Provision of Ky. Stats., sec. 4892, that minor securing employment on age certificate shall be deemed sui juris as to application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), means that his minority does not affect any agreement he may make.

4. Master and Servant.—Where 11 year old boy obtained employment under age certificate pursuant to Ky. Stats., sec. 4892, signed by stepfather who had custody of him, his mother being dead, regardless of contention that he was employed contrary to Ky. Stats., sec. 331a-9, he was sui juris, as to application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), and after receiving compensation for injury was not entitled to recover in law action therefor even if Ky. Stats., sec. 4911, allowing statutory guardian or personal representative of minor under 16 years of age, procuring employment on written certification that he was over 16 years of age, to elect to sue at law or claim compensation, applied since acceptance of compensation was "election" binding him.

5. Master and Servant.—Eleven year old boy employed on age certificate signed by stepfather having custody of him, stating he was

over 16 years of age, under Ky. Stats., sec. 4892, was sui juris as to application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), and on undisputed proof that he had accepted compensation for injury, in his action against employer for damages, motion for peremptory instruction to find for defendant should have been sustained, regardless of contention that he was employed in violation of Ky. Stats., sec. 331a-9.

6. Master and Servant.—Where action by minor under 16 years of age against employer for injury was defeated on ground of his being employed under employment certificate pursuant to Ky. Stats., section 4892, making him sui juris for application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), and that acceptance of compensation prevented recovery in action at law, employer should continue payment of compensation where it left off.

7. Master and Servant.—Where minor's action against employer for injury was defeated because he had been employed under age certificate which under Ky. Stats., sec. 4892, made him sui juris, as to application of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), and his acceptance of compensation prevented recovery in action at law, payment of compensation should begin where it was left off, and any disagreement relating thereto should be determined by Workmen's Compensation Board.

8. Master and Servant.—Where employer had paid and minor employee had accepted compensation for injury, and law action by minor against employer for such injury had been defeated because he was employed on age certificate which under Ky. Stats., sec. 4892, made him sui juris as to operation of Workmen's Compensation Law (Ky. Stats., secs. 4880 to 4968-2), and had accepted compensation thereunder, employer waived any plea of limitation against right to compensation if any might be interposed as against right thereto after termination of law action.

FAULKNER & FAULKNER for appellant.

FRENCH HAWK and R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee, Homer Troy Diets, is a boy under the age of 15 years. The story of his life, though brief, is fraught with tragedy. He was born at some mining camp in Eastern Kentucky at 2 o'clock p. m. on October 26, 1913. His mother was a young woman probably under 20 and his father was about that age. His parents had many stopping places which they called home in the mining sections in Eastern Kentucky. One day the father was killed, and within a few months thereafter his mother married J. W. Lequire. Homer Troy made his home with them for a few years, when his mother died

leaving him alone with Lequire. Within a short time Lequire married again, and the boy remained with him and his wife as a member of the family.

This record discloses that J. W. Lequire and his wife, Nellie, were good to the boy, although they knew little about him. They did not know his age, and Homer Troy himself was unaware of his age until this litigation arose, when some one, by searching the records of the bureau of vital statistics, located his birth certificate.

On the 15th day of August, 1925, J. W. Lequire and Homer Troy Diets appeared at the office of the Elkhorn Coal Corporation in Letcher county and made the request that the boy be allowed to work for the company in its mines. On this date he was less than 12 years of age. J. W. Lequire, the person having Homer Troy Diets in his care and custody, signed the certificate required by the provisions of section 4892, Ky. Stats., which is a part of the Act of March 25, 1924. The certificate is a certification signed by J. W. Lequire that Homer Troy Diets is over the age of 16 years. The certificate also shows that Lequire was his guardian, but that appears to have been a mistake, but it is immaterial so far as this litigation is concerned. When it was so certified that the boy was over 16 years of age he was employed by the appellant to work in its mines, and after he had been so engaged for a few days he was seriously injured by falling slate or other material from the roof of the mine.

Thereafter Nellie Lequire was appointed his guardian, and she instituted this suit in the Letcher circuit court to recover damages for the injuries received by her ward while he was so engaged at work in the mines of appellant. It is alleged in the petition that appellant employed the boy knowingly, willfully, and unlawfully when he was under the age of 14 years. Another ground of negligence alleged is that appellant failed to furnish him a safe place in which to work.

The appellant, in its answer, denied that the boy was under the age of 14 years, or that he was injured as alleged in the petition, or that his injuries were caused by any negligence on the part of appellant. Appellant interposed a number of defenses, one of which is that the guardian or one having legal authority over the boy signed the certificate required by the provisions of section 4892, Ky. Stats., and that at the time appellant in good faith believed, and had reason to believe, that the boy was more than 16 years of age. Another plea is that

appellant was operating under the Kentucky Workmen's Compensation Law (sections 4880 to 4968-2, Ky. Stats.), and that the boy signed the compensation register kept by the company, and that he knew, as did J. W. Lequire, that the company was operating under the Compensation Law. It is further alleged that after the injury the company paid compensation to the boy through his guardian, who accepted same from the date of the injury until December 29, 1925, and that the aggregate sum so paid was $221. In addition thereto, the answer alleged that in accordance with the provisions of the Compensation Law the company paid $200 on behalf of the boy for medical services. The answer pleaded the $421 which it had paid as a set-off against any claim that appellee might have against it. The answer of appellant is a denial of liability except in so far as it is bound by the provisions of the Workmen's Compensation Law, and it pleaded that the boy was bound by the provisions of that law, and that the payment which had been made to him was right and proper, and that the company preferred to stand and abide by the Workmen's Compensation Law. The prayer of the answer is that the petition be dismissed, or that, if appellee should be allowed to recover, it be given a credit on the amount recovered by the $421 which it had paid.

The trial was had which resulted in a verdict in favor of appellee in the sum of $3,000.

For appellee it is contended that Homer Troy Diets was employed by the appellant in violation of section 331a-9, Ky. Stats., and that the establishment of this fact by the evidence renders it impossible for the appellant to escape liability for the injuries received by the minor employee. If section 331a-9, Ky. Stats., applies in this case, the contention of counsel for appellee is correct, as has been held by this court in a number of cases. Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Blanton v. Kellioka Coal Co., 192 Ky. 220, 232 S. W. 614; Stearns Coal & Lumber Co. v. Tuggle, 156 Ky. 714, 161 S. W. 1112; Bradas & Gheens v. Hawkins, 202 Ky. 136, 258 S. W. 969; Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202; Elkhorn Seam Collieries Co. v. Craft, 207 Ky. 849, 270 S. W. 460.

Counsel for appellant insists that this case is governed by the provisions of sections 4892 and 4911, Ky. Stats. In response to that contention, counsel for appellee insist that these two sections have no application be-

cause the employment certificate signed by J. W. Lequire has no validity, as Lequire was not the parent or guardian of the boy, and that he had no legal authority over him.

Section 4892, in part, is as follows:

"A minor sixteen years of age or over and a minor under sixteen years of age who has procured his employment upon the written certification of his parent, guardian or one having legal authority over him that he is over sixteen years of age, shall be deemed sui juris for the purposes of this act and no other person shall have cause of action or right to compensation for an injury to or death of such minor employee or loss of service on account thereof, by reason of the minority of such employee."

The General Assembly had the power to provide that a minor shall be deemed sui juris for the purposes of the Workmen's Compensation Act. D. E. Hewitt Lumber Co. v. Brumfield, 196 Ky. 723, 245 S. W. 858. In that case it was held that the provision of the law empowering a minor to accept the provisions of the act was valid. The only question, therefore, as to whether the infant in this case comes under the provisions of section 4892, is whether the employment certificate was signed by some one mentioned in that section. That the certificate was not signed by a parent is admitted, and it appears to be established that it was not signed by his guardian. It is our conclusion, however, that it was signed by one having legal authority over the infant. This boy had been in the home of Lequire since he was very young, and he had no other home. So far as this record shows, no other person whatever had, or exercised, any control over him. Unless the law meant to apply to just such cases as this, the designation of one having legal authority over him would have little meaning. Broadly speaking, it may be said that no one other than a parent or a guardian has legal authority over an infant; but the General Assembly had in mind cases where there might be no parent or guardian, and this is one of the cases. J. W. Lequire had the care and custody of the child, and for that reason, at least to some extent, he had legal authority over him. That section contains the further provision that the identity of the signature of the parent, guardian, or person having legal authority over such minor employee shall constitute conclusive proof of such pro-

curement of his employment in any hearing or proceeding in which the same may be material or in issue.

Section 4895, Kentucky Statutes, makes a father and a stepfather the same, with the same rights and liabilities, as far as the Compensation Laws are concerned. A stepfather is in loco parentis when he admits a stepchild into his household. Capek v. Kropik, 129 Ill. 509, 21 N. E. 836.

Section 4911, Ky. Stats., gives to the guardian or personal representative of a minor employee, who is injured or killed while employed in willful or known violation of the law, the right to claim compensation under the terms of the Workmen's Compensation Act, or to sue to recover damages as if the act had not been passed. There is a proviso, however, in that section, and it relates to a minor under 16 years of age who procures his employment upon the written certification by his parent, guardian, or one having legal authority over him, that he is over 16 years of age. In such cases the statutory guardian or personal representative of a minor who is killled cannot elect to claim either compensation under the terms of the law or sue to recover damages as if the act had not been passed, but he must rely on his claim for compensation under the terms of the law. If a claim for compensation is made, the making of such claim shall be a waiver and bar to all rights of action on account of the injury or death of the minor as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and a bar of all rights to compensation under the law.

The provisions of section 4911, as to whether the proviso applies in case of injuries or only in case of the death of the minor, are not entirely clear, and we shall not determine that question in this action. Section 4892 makes the minor sui juris. This means that his minority does not affect any agreement that he may make. It is shown without objection that Homer Troy Diets received compensation under the Workmen's Compensation Act for several months, and that $200 was paid for medical and hospital bills. There is nothing in the record to show that he made any claim under the Workmen's Compensation Act, but there is no reason why the company could not concede its liability and pay him in accordance with the provisions of the act, and there is nothing in the law which prevents his accepting such payments. There appears to have been no controversy over the amount of

compensation to which he was entitled. After having elected to accept compensation under the provisions of the law, he should not be allowed to withdraw his election and institute a suit to recover damages the same as if the law had not been passed. If the provisions of section 4911 apply to him, and his institution of this suit should be held an election to prosecute his claim as if the law had not been passed, still he had made a previous election by which he was bound. Appellant is in no position to take advantage of his election to sue, if he was in position to make such an election, because it is here insisting that he is under the Workmen's Compensation Law, and that the provisions of that law are applicable to his case. We are in agreement with that contention. It is our conclusion that the court should have sustained the motion for a peremptory instruction to find for the defendant, but that does not relieve the appellant from paying compensation in accordance with the provisions of the law. It should begin where it left off and continue the payment of compensation, or if any disagreement should arise the matter should be determined by the Workmen's Compensation Board. The appellant has waived any plea of limitation, if indeed any might be interposed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.