## SEARS, ROEBUCK & CO. v. BROUGHTON.

### No. 11289.

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1952.

Writ of Certiorari Denied May 19, 1952.

See 72 S.Ct. 1047.

Miller, Circuit Judge, dissented.

---

Murray Seasongood, Cincinnati, Ohio (Paxton & Seasongood, Cincinnati, Ohio, Caldwell & Robinson, Ashland, Ky., on the brief; Lester A. Jaffe, Evans L. DeCamp, Cincinnati, Ohio, Robert T. Caldwell, Ashland, Ky., of counsel), for appellant.

Leonard C. Fielder, Ashland, Ky. (Leonard C. Fielder, Davis M. Howerton, Ashland, Ky., on the brief), for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Cecil H. Broughton, appellee, brought a suit against Sears, Roebuck and Company, appellant, in the Circuit Court of Boyd County, Kentucky, praying for the recovery of damages for personal injuries alleged to have been sustained in the course of his employment by the company in its Ashland, Kentucky, retail store. The cause was removed, upon petition of the appellant, to the district court.

Appellee set forth in his petition that appellant had negligently failed to furnish a

safe place to work, as a result of which he suffered personal injuries when his left foot and leg were accidentally caught between the elevator shaft and one of the floors in the company's building. Appellant denied negligence and pleaded, by way of defense, contributory negligence, assumption of risk, and, further, that appellee had duly accepted the provisions of the Workmen's Compensation Act of Kentucky, and that, by reason thereof, was not entitled to maintain an action at law against appellant for such claimed damages. To this answer, appellee filed reply, setting forth that he was not guilty of contributory negligence; that he had not assumed the risk; and that neither appellant nor appellee had accepted the provisions of the Workmen's Compensation Act of Kentucky, which, in default of such acceptance, did not foreclose appellee from maintaining his action at law.

The cause having proceeded to trial without a jury, the district court filed findings of fact and conclusions of law in which it found that neither appellant nor appellee had accepted the provisions of the Workmen's Compensation Act, and, on the evidence, entered a judgment in favor of appellee in the amount of $8,921.80, subject to certain credits therein set forth. On review, appellant submits that it had formally accepted the provisions of the Compensation Act when it filed a written notice of election to operate thereunder, applied for permission to carry its own risk, received a certificate of compliance from the Compensation Board, and posted such notice of compliance. It further claimed that appellee, subsequent to his injury, also accepted the Compensation Act by executing, on a Compensation Board form, a written agreement with appellant, approved by the Board, and thereafter accepted payments in accordance with such agreement, giving a receipt for each payment, and executing a final compensation agreement on forms prescribed by the Board. No question is raised as to the correctness of the court's determination on the issues of contributory negligence, assumption of risk, or the amount of the judgment.

We have found, from our examination of the record, that it is unnecessary to pass upon many of the contentions advanced by the parties because of our conclusion that the controlling issue in this case is whether the employee accepted the provisions of the Workmen's Compensation Act of Kentucky.

Under the Kentucky Act, if both employer and employee elect to furnish and accept compensation under the provisions of the statute, the employer is released from all common law liability and is liable only for the payment of compensation therein provided. Section 342.015 K.R.S., Section 4882 Carroll's Ky.St.Ann. The Act provides how both employer and employee may elect to operate under its provisions. For the purposes of this case, it is assumed that appellant accepted the provisions of the Act. In order for an employee to accept such provisions, he is required to sign the following notice: "I hereby agree with (name of employer) to accept the provisions of * * * the Kentucky Workmen's Compensation act." (K.R.S. Chapter 342).[1]

In this case, appellee Broughton did not sign the required statutory notice. However, after his injury, he signed an agreement to be compensated under the Act, on a standard form prepared for that purpose by the Compensation Board. The agreement was also signed by appellant company, and filed with the Board, which approved it, and sent notices of such approval to both parties. Thereafter, appellee accepted compensation from week to week, executed his receipt therefor upon a standard receipt form prescribed by the Board, and thereafter executed a settlement of his claim upon a similar form entitled "Final Compensation Settlement Receipt," which was then filed with the Board, as required by the Act. Appellant contends that where an injured employee has not signed the statutory notice of election to come under the Act, an agreement between the employer and such employee for compensation in accordance with the Act—even after he has sustained his injuries—is recognized by the statute as though the employee had filed

---

1. Section 342.395 K.R.S., Section 4957 Carroll's Ky.St.Ann.

a proper notice of election; and, in such a case, on grounds of estoppel, the employee may not thereafter maintain an action at law for damages. Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 78 S.W.2d 38. In Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S.W. 846, it is held that an employer who has accepted the provisions of the statute may waive the employee's failure to accept the Act before an accident and agree with him for compensation under the terms of the Act; and the employer thereafter is estopped to deny that the employee accepted the provisions of the Act.

In its argument, appellant points out that the Act provides that if an agreement between an employer and employee in regard to compensation is filed with the Board and approved by it, it shall be enforceable as an award, and an agreement for final settlement operates as such, when filed and approved by the Board. Section 342.265 K.R.S., Section 4931 Carroll's Ky.St.Ann. Accordingly, appellant insists that the agreement for compensation in this case was such an award, and precludes appellee from maintaining an action at law for damages.

To the contention of appellant that the employee, Broughton, entered into an agreement for compensation, approved by the Board, which, under Black Mountain Corp. v. Middleton, 243 Ky. 527, 49 S.W.2d 318, had the status of an award, and that he further executed a final settlement, filed with the Board and approved by it in accordance with the Act, appellee answers that such agreement and final settlement were voidable, because at the time of their execution by appellee, he was under twenty-one years of age.

Broughton's minority is not disputed, but appellant company contends that appellee, as a minor, was made sui juris by the provisions of the Act in the following language: "A minor sixteen years of age or over or a minor under sixteen years of age who has procured his employment upon the written certification of his parent, guardian or one having legal authority over him that he is over sixteen years of age shall be considered sui juris for the purposes of this act * * *." Section 342.065 K.R.S., Section 4892 Carroll's Ky.St.Ann.

The district court held that, while an infant may accept the Compensation Act as expressly provided by the terms of the statute itself, such acceptance must be made by the infant before the occurrence of an injury; that, after the injury, there was, in this case, nothing but an agreement by the infant to accept payments by way of settlement of his claim; that resort to the Compensation Commission for approval of such an agreement was only a way of carrying out the terms of the settlement; and that the entire transaction, in so far as the infant was concerned, was nothing more than a contractual obligation on his part, which, because of his contractual disability, was not binding upon him. We concur in the views of the district court. In providing that the infant "shall be considered sui juris for the purposes of this Chapter," it seems clear that by this language, the intent of the statute was to provide a way for an infant to operate under the terms of the Act. But, here, the infant never filed the election provided by statute to operate under the Act, prior to his injury, or at any time thereafter. In this case, the infant was not made sui juris for the purposes of the Act for the reason that he never elected to come under the Act, and never was under the Act. In our view, the statutory language, "for the purposes of this Act," as used in the statute, means no more than that an infant is considered sui juris "for the purposes of carrying out the provisions of the Act," "for the purposes of coming within the Act," or "for the purposes of operating under the Act." It does not mean that an infant who has not elected to come under the Act, may, after an accident, contract away his rights to damages for injuries resulting from the employer's negligence.

We are, accordingly, of the opinion that the foregoing provisions of the statute making a minor sui juris are not applicable to this case. The provision that such a minor is deemed sui juris "for the purposes of this Act" means that he may accept the Act by filing the required statement, as

expressly provided therein, D. E. Hewitt Lumber Co. v. Brumfield, Adm'r, 196 Ky. 723, 245 S.W. 858; and that he may thereafter enter into an agreement in accordance with the provisions of the Act.

In the instant case, the minor employee never accepted the Act. Upon the happening of the accident and the occurrence of his injuries, he had a claim for damages against appellant employer, for which the district court eventually awarded him approximately $9,000. At the time of the accident, appellant company could, from all that appears in the case, have avoided payment of compensation to him under the Act on the ground that he had not accepted its provisions; and, if he had been guilty of contributory negligence, he presumably could not have recovered anything in an action at law. In such a case, he would receive nothing either under the Act or as a result of legal proceedings. However, he was not guilty of contributory negligence—as the district court subsequently determined—and his cause of action was, therefore, considerably more valuable than any remedy which he had under the Compensation Act. In view of his being a minor, was his agreement to accept compensation under the Act, and the signing of a final settlement agreement, a fully executed contract, or an agreement voidable as the contract of a person under the disability of infancy?

In Kentucky cases heretofore cited, it appears that the force and effectiveness of contracts entered into between a company which had accepted the Act and an employee who had not, were based upon waiver and estoppel. It was held that the employer might waive the failure of an employee to accept the Act; that upon the employee's agreement to accept compensation under the Act, the employer was thereafter estopped to deny that the employee had accepted its provisions; and that upon the agreement of such an employee to accept payment of compensation under the Act, the employee also was thereafter estopped to deny that he had accepted its provisions.

In this case, the minor employee was not estopped by his agreement with his employer to deny he had accepted the provisions of the Act. An infant is immune from estoppel, except in certain jurisdictions, and then only in cases of intentional fraud—and in other circumstances not here pertinent. See Myers v. Hurley Motor Co., 273 U.S. 18, 47 S.Ct. 277, 71 L. Ed. 515; MacGreal v. Taylor, 167 U.S. 688, 17 S.Ct. 961, 42 L.Ed. 326; Sanger v. Hibbard, 8 Cir., 104 F. 455; Harmon v. Smith, C.C.Minn., 38 F. 482. Since appellee was not estopped by his contract executed during infancy, the cases of Kentucky Road Oiling Co. v. Sharp, supra, and Junior Oil Co. v. Byrd, supra, can not be said to sustain appellant's contention that the injured employee was limited to the acceptance of compensation under the Act as though he had, in fact, agreed to accept its provisions. An agreement to receive compensation under the Act, entered into between an employer who has accepted its provisions and an employee who has not, is binding upon the employee only on grounds of estoppel; and since, because of infancy, no estoppel can arise in this case out of the contract of appellee, his agreement to accept compensation under the Act was, like any other contract of an infant, merely voidable and subject to being disaffirmed by him upon reaching his majority. The fact that the Compensation Board approved the agreement and final settlement signed by appellee in no way changes the voidable nature of the agreement. Any rights which the parties to such an agreement and settlement obtain in those instances where the employee has not accepted the provisions of the Act, rest upon estoppel and not upon the approval of the Board.

Appellant, however, cites Elkhorn Coal Corp. v. Diets, 225 Ky. 753, 9 S.W.2d 1100, 1103, in support of its contention that an employee is bound by his acceptance of compensation according to the terms of the Act, even though he is a minor. The cited case involved a child, Homer Diets, who was born in a Kentucky mining camp. His father, who was about twenty years old, was killed soon after the child's birth. His

mother some months later married another man, taking her child with her. Within a few years, the mother died, and soon after, the stepfather married again. The child remained with this couple for several years. Subsequently, the stepfather took the boy to the office of the Elkhorn Coal Corp. and asked that he be hired to work for the mines. At that time, the child was eleven years old. The stepfather signed the certificate required by the statute, setting forth that the child was more than sixteen years old and that he was the child's guardian. Neither of these statements was true. The coal company thereupon employed the boy and sent him down into the mines as a laborer. A few days later, the child was seriously injured when part of the roof of the mine fell upon him. The company paid the stepfather $221, and doctor's fees of $200 on behalf of the boy. A guardian was thereafter appointed for the child and brought suit against the company for damages arising out of its negligence, in the state court, with the result that a jury rendered a verdict in the amount of $3,000, upon which judgment was entered. On appeal, the company claimed that it had hired the child in good faith; that the guardian or person having legal authority over the child had signed the certificate that he was more than sixteen years old; that the company believed him to be of this age; that the child had signed the compensation register of the company and knew that the company was operating under the Compensation Act; and that the child had, through his guardian, received $221 of compensation. Counsel for the child insisted that the company employed him knowingly, wilfully, and unlawfully, when he was under the age of fourteen years, in violation of a statute forbidding the employment in question to children of such age. The court of appeals sustained appellant, holding that the statute forbidding such employment to the infant was inapplicable; that the certificate of the stepfather that the child was more than sixteen years old was the paramount and determining consideration in the case; and that by this certificate, in accordance with the Act, the child became

sui juris. We are not under the necessity of accepting this case as controlling authority to reverse the district court in the instant case, for the Diets case is to be distinguished by the fact that there, the infant signed the statement electing to accept the provisions of the Compensation Act; and it was this consideration which was held to be a bar to his instituting a suit for damages, the court saying: "After having elected to accept compensation under the provisions of the law, he should not be allowed to withdraw his election and institute a suit to recover damages the same as if the law had not been passed." If the Court of Appeals of Kentucky in the Diets case had based its decision upon the fact that the child, through his guardian, was barred from maintaining his suit, because he had accepted compensation, it would be difficult to distinguish the instant case. But that court's conclusion rested upon the plaintiff's *"election* to receive compensation," and that "he should not be allowed to withdraw his election and institute a suit". (Emphasis supplied.) The specific method of election to accept compensation or furnish compensation under the Act is provided in the Kentucky statute when it sets forth how an employee and an employer may elect to operate under the Act. The statute provides, first, that the Act applies only when both employer and employee have elected to furnish or accept compensation under the provisions of the Act. Carroll's Ky.St.Ann. (Baldwin's 1936 Rev.), Section 4882. The statute further provides that an employee's "election to operate under the provisions of this Act" is accomplished by signing a statement that he agrees with the employer to accept the provisions of the Act, and that this election is effective from the date of signing such agreement. Section 4957, Carroll's Ky.St. Ann. It is this election, provided by statute, that the court, in the Diets case, apparently had in mind when it spoke of the party's election to receive compensation, and referred to a withdrawal of that election. As to the employer, his election to operate under the Act is accomplished by his filing a written notice to that effect. Sec-

tion 4956, Carroll's Ky.St.Ann. Finally, it is provided how either party may withdraw such election—by the filing of a written notice to this effect. Section 4959, Carroll's Ky.St.Ann. It seems clear that there was no election by the appellee in this case to accept compensation, and, accordingly, no withdrawal of election by appellee. For these reasons, we deem the Diets case to be here inapplicable.

In consideration of the foregoing, the judgment of the district court is affirmed.

MILLER, Circuit Judge (dissenting).

In Junior Oil Co. v. Byrd, 204 Ky. 375, at page 381, 264 S.W. 846, at page 848, it was held that the Workman's Compensation Act of Kentucky recognizes the right of an employer and employee, who has not accepted the provisions of the Act, to make an agreement, "even after an accident, for compensation in accordance with the terms of the act, and as if the employee had made his election at the time and in the manner prescribed in the act." Such an agreement after the accident is thus a valid and recognized method of electing to accept the provisions of the Act. Section 342.065 Kentucky Revised Statutes makes a minor sui juris for the purposes of the Act. In Elkhorn Coal Corp. v. Diets, 225 Ky. 753, at page 758, 9 S.W.2d 1100, at page 1103, the Court held "This means that his minority does not affect any agreement that he may make." The fact that the infant had accepted the act in that case was immaterial. Such an acceptance was invalidated in that case by Section 4911 Kentucky Statutes, now Section 342.170 Kentucky Revised Statutes. I am of the opinion that Section 342.065 places an infant on the same legal plane as an adult for the purposes of the Act, and that if an adult is held to have elected to accept the provisions of the Act by accepting compensation after the accident, an infant acting in the same manner should be considered as having made the same election.

Under the foregoing authorities, I am unable to agree with the ruling made on this issue in the majority opinion.