## Frye's Guardian v. Gamble Brothers, Incorporated.

(Decided April 30, 1920.)

### Appeal from Jefferson Circuit Court.
### ·(Common Pleas, Division No. 1).

1. Statutes—Construction—Intention of Legislature—In the construction of statutes the intention of the legislature in enacting them must prevail, and such intention is to be gathered from the words which the legislature employed. If those words are distinct, plain and unambiguous they must be given effect, although such construction might curtail the application of the statute so as to partially defeat the general purpose which the legislature had in view, since it is the duty of courts to construe that which is written and not to amend. change or alter a plain'y written statute so as to make it accomplish some supposed purpose of the legislature in enacting it.

2. Master and Servant—Infants—Election of Remedies—Workmen's Compensation Act.—The election of remedies provided by section 4911, third volume Kentucky Statutes, being section 30 of the present Workmen's Compensation Act, rests with the guardian or representative of an infant employee who may determine for himself the facts authorizing such election, since there is nothing in the section remotely intimating that the compensation board should first determine such facts before the right of election exists.

3. Master and Servant—Infant Employee—Workmen's Compensation Act.—The failure to observe the additional duties imposed by subsection 10 of section 331a of the statutes as to infant employees does not constitute an employment of such infant in willful and known violation of the child labor law as contempated by section 4911 of the statutes, so as to authorize the guardian of the infant employee, or his representative if killed, to sue, and thereby waive the benefits of the compensation act. Before such election may be made the employment must have been contrary to the terms of the statute, or the infant must have been put to work at some place absolutely prohibited by the statute.

JAMES H. SPEED, J. K. CLAXTON, IRWIN & IRWIN and J. L. RICHARDSON for appellants.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This suit involves primarily the construction of section 4911, vol. 3, Kentucky Statutes, which is section 30 of the act of the general assembly commonly known as the Workmen's Compensation Act, being chapter 33,

page 354 of the acts of 1916; and incidentally there is also involved the construction, or rather the application, of subsection 10 of section 331a to the provisions of the section first above mentioned, which is in these words:

"In case any minor employe who is injured or killed is, at the time of such injury, employed in wilful and known violation by the employer of any law of this state regulating the employment of minors, his statutory guardian or personal representative of the minor so killed, may claim compensation under the terms of this act or may sue to recover damages as if this act had not been passed. If a claim to compensation be made under this section, the making of such claim shall be a waiver and bar to all rights of action on account of said injury or death of said minor as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and bar of all rights to compensation under this act."

So much of subsection 10 of section 331a referred to, which is a part of the statute commonly known as the Child Labor Law, as bears upon the question involved, says:

"It shall be the duty of the owner of any manufacturing establishment where any person under twenty-one years of age is employed, his agents, superintendents or other persons in charge of same, to furnish and supply, when practicable, or cause to be furnished and supplied to him, belt shifters or other safe mechanical contrivance for the purpose of throwing belts on or off the pulleys; and, whenever practicable, machinery therein shall be provided with loose belts. All vats, pans, saws, planes, cogs, gearings, belting, set screws and machinery of every description which is palpably dangerous, shall be properly guarded and no person shall remove or make ineffective any safeguard around or attached to any such appliances or machinery, while the same is in use, unless for the purpose of immediately making repairs thereto, and all such safeguards shall be promptly replaced."

Subsection 1 of section 331a names certain employments at which no child under fourteen years of age may be employed, and provides that a child under that age may not be employed in any character of service while the public schools are in session in the district where it resides. Subsection 2 prescribes how a child between the ages of fourteen and sixteen may be employed at the

places prohibited in subsection 1 by procuring a certificate from the authority therein designated; while' subsection 9 expressly forbids the employment of infants under sixteen .years of age to do certain classes of work, or work at certain machinery therein designated, although the certificate provided by subsection 2 may have been obtained.

The questions presented arise in this way: Appellant and plaintiff, Harvey Frye, who sues by his statutory guardian, A. F. Dyer, was employed by the appellee and defendant, Gamble Brothers, a corporation, to work in its planing mill used in connection with its business of wholesale lumber dealers. He sustained injuries to his hand while working at a planer or joiner, and he brought this suit to recover damages therefor, alleging in substance that he was under sixteen years of age at the time of his employment, as well as at the time of the injury, and that he was put to work at one of the machines or places mentioned and prohibited in subsection 9, *supra;* that he was thereby, at the time of his injury, "employed in willful and known violation by the employer" (the defendant) of the statute in this state "regulating the employment of minors," which, as he contends in his petition, authorized his guardian to elect to sue for his injuries in a court of law instead of applying for and accepting compensation under the Workmen's Compensation Act, as provided by section 4911, *supra,* the terms of which act had been accepted by both parties in the manner provided therein, and under which the plant of the defendant was being operated at the time.

It was also averred in the petition that the machinery at which plaintiff was working at the time he sustained his injuries was dangerous; that it was not guarded in the manner provided in subsection 10 of section 331a, *supra,* and it is insisted that the failure of the defendant to so guard it constituted such an employment of plaintiff "in willful and known violation" of the statute pertaining to the employment of minors, as is contemplated by section 4911, *supra,* and that his guardian was thereby authorized by that section to elect to sue for his injuries rather than accept compensation under the Workmen's Compensation Act, although plaintiff may have been, at the time of his employment, or at the time of his injury, over sixteen years of age.

The court struck from the petition the latter allegation with reference to the machinery being unguarded in violation of the provisions of subsection 10, and sustained a demurrer to the petition, which, upon plaintiff's declining to plead further, was dismissed, and complaining of these rulings of the court plaintiff prosecutes this appeal.

The ground upon which the court sustained the demurrer to the petition was that the legislature intended by the enactment of section 4911 to provide that before the election by the guardian of the infant, or in case of his death by his representative, to sue as therein permitted, the Compensation Board must first determine the facts upon which the right of election depended, to-wit, the employment of the infant "in willful and known violation" of the Child Labor Law under a reference to it for that purpose, after which the guardian or representative, as the case might be, might exercise such right, and that the finding by the board of such precedent fact would be conclusive upon the parties to any suit which the guardian or representative might thereafter institute. In other words, the court held that it was the intention of the legislature in enacting section 4911 to withhold from the guardian or representative of the infant the right to determine for themselves the existence of the facts authorizing the election, and to lodge that right exclusively with the Compensation Board, whose finding thereon would be conclusive in any subsequent suit.

The argument of the court, as well as the attorneys for appellee, in support of that construction is in substance, that workmen's compensation laws were intended to remedy many existing evils with reference to the remuneration of injured servants, and that they should be broadly and liberally construed so as to effectuate the purpose of the legislature in their enactment; that since the election by the guardian or personal representative of the infant to sue under section 4911 is a waiver of any right to subsequently claim compensation under the act, it was not intended by the legislature that such far reaching consequences affecting the interests of the infant employee should be entrusted to the individual determination of such fiduciaries. That the premise for the conclusion reached by the court is true, i. e., that such statutes should receive a broad and liberal construction, there can be no doubt. Young v. Duncan, 218

Mass. 346; In re Petrie, 215 New York 335; City of Milwaukee v. Miller, 154 Wis. 652; Foth v. Macomber & Whyte Rope Co., 161 Wis. 549, and Phil Hollebach Co. v. Hollenbach, 181 Ky. 262. But, howsoever worthy the end to be accomplished, courts can not amend statutes under their power to liberally construe them. Such power of amendment is possessed only by the legislature, and to that authority the salutary reasoning of the court, and the like arugment of the counsel in this case might be appropriately addressed.

The term "construction" necessarily presupposes some doubt, obscurity or ambiguity, and where these elements or any of them exist to such an extent as to afford grounds for different constructions, under the rule, *supra,* that one will be adopted which will effectuate the purpose of the legislature in the enactment of the statute. But where the wording of the statute is plain, and susceptible of but one meaning, there is no room for construction, and the meaning expressed by the words employed must be adopted, although such adoption might result in a failure to accomplish the full purpose the legislature had in view in enacting it.

Hence, in the case of Western & Southern Life Insurance v. Weber, 183 Ky. 32, where this court had under consideration the construction of section 679 of our present statutes, it was said in the course of the opinion, quoting from Robertson v. Robertson, 100 Ky. 696: "When a statute is plain and peremptory, there is nothing for the court to do but to enforce it as it is written." Again quoting from Sutherland on Statutory Constructions, section 366, it is therein said: "Even when the court is convinced that the legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity." Still further along in that opinion this language is used:

"The judiciary is but one of the three component parts of our form of government. Its duty is to interpret and construe laws, not to enact them, and if a plainly warranted construction of a statute should result in a failure to accomplish in the fullest measure that which the legislature had in view, the remedy is legislative action and not judicial construction."

In the case of Bosley v. Mattingly, 14 B. Mon. 72, this court, in discussing the same question, in its opinion delivered by Judge Simpson, said:

"It may be proper, in giving a construction to a statute, to look to the effects and consequences, when its provisions are ambiguous, or the legislative intention is doubtful. But, when the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action." See, also, Endlich on the Interpretation of Statutes, sections 127 and 128, and the late case of Sewell, et al. v. Bennett, et al., 187 Ky. 626.

In the light of these authorities, we find ourselves unable to agree with the learned judge who tried this case, or with counsel for appellee. To so construe section 4911 as to require the reference of the case to the Compensation Board for it to determine the existence of the facts upon which depends the right of election by the guardian or representative of the infant as therein provided for, and to make the determination of those facts by the board conclusive upon the parties in a subsequent suit brought in the exercise of that right, would inject something in the statute which clearly can not be gleaned from any language employed therein and according to our view would be tantamount to an amendment. Not only do we fail to find room for any such interpretation from the language employed, but to adopt it would actually render nugatory that part of the statute saying "or may sue to recover damages *as if this act had not been passed.*"

If the construction by the trial court should prevail, a suit brought by the guardian or personal representative of the infant, after the Compensation Board had determined the existence of the facts authorizing such a suit, would be only for the purpose of assessing damages, and it would not be one brought "as if this act had not been passed," for in a suit so brought all issues necessary to enable the plaintiff to recover, including the wrongful employment of plaintiff, would have to be established if denied. We therefore conclude that under the provisions of section 4911 the right to determine the existence of the requisite facts authorizing an election to sue, or accept benefits under the act, rests with the

guardian of the infant if he is injured, or with his representative if he should be killed, and that the construction to the contrary adopted by the court below is erroneous.

The next and last question for determination is the correctness of the court's ruling in striking certain averments from plaintiff's petition. One of them was to the effect that the employment of plaintiff by defendant was made without obtaining or procuring an employment certificate as required by the statute. Another was that plaintiff was permitted and suffered to work at machinery and appliances that were dangerous to life or limb without previously obtaining a decision of the county physician or city health officer as to the dangerous character of such appliances or machinery, as required by classification (24) in subsection 9 of section 331a, *supra*. The reasons for striking such allegations do not appear anywhere in the record. If the contract of employment of plaintiff was willfully and knowingly made by the defendant in the manner alleged, it would clearly present a case authorizing the maintenance of the suit under the right of election given by section 4911, *supra*. But the stricken allegations do not contain the words "willfully" or "knowingly," and it was perhaps on account of this omission that the allegations were stricken. If those words had been inserted, the allegations would have been proper, and should have remained in the petition.

Another allegation of the petition which was stricken by the court avers the failure on the part of the defendant to observe the imposed duties under subsection 10 of section 331a. The propriety of this ruling presents a more serious question. That question is whether the failure to observe such extra imposed duties constitutes an employment of the infant "in willful and known violation" of the statutes relating to the employment of infants. If so, in every case where the injured employee is an infant, his guardian, where he was not killed, or his representative if he was killed, could allege a violation of the duties imposed by the subsection under consideration, and thus take the infant's case from under the operation of the salutary provisions of the Workmen's Compensation Act. We do not believe that it was the intention of the legislature that section 4911 should

receive this latitudinous construction. That there is a difference between the consequences of an act which is absolutely prohibited by statute, and the consequences of negligently doing that which is permitted, is well settled. In the one case the wrongdoer may be amenable both criminally and civilly, while in the other ordinarily only civil liability attaches. But in any event all recognized defenses to the civil action in the latter case are usually available to the defendant.

This difference is pointed out in the case of L. H. & St. L. Ry. Co. v. Lyons, 155 Ky. 396. In that case an infant was injured while employed at a service prohibited under subsection 9 of section 331a, *supra,* he being under sixteen years of age at the time. The defenses of assumed risk, fellow servants and contributory negligence were disallowed to the defendant by the trial court, and upon appeal that ruling was urged as one of the grounds for reversal. It was insisted on behalf of the appellant that it was not deprived of the right to rely upon the defenses named merely because it employed plaintiff in violation of the provisions of the statute, and it cited as an instance the statute requiring the operators of mines to furnish various safety appliances, such as posts, &c., and called attention to the fact that in suits by employees in and about mines against their employer, the defenses contended for were allowed. But this court, in rejecting that argument and pointing out the difference between the case then in hand and the instances relied on, said:

"These statutes, however, while they have increased the liability of the mine owner, do not decrease the obligation the miner is under to exercise care for his own safety They do not prohibit the employment of miners in places that the mine owner has not protected with the safety devices required. They only put upon the mine owner a higher duty than the common law would impose.

"But, the child labor statute prohibits the employment of children. It is unlawful to employ them is the reason why the employer who violates the statute should not be permitted to shield himself from his own wrong by setting up a defense that the child and not himself caused the accident. Except for his unlawful act in employing the child he could not have been injured, and the employer should not be permitted to take advantage of

his own unlawful act by putting the consequences on an innocent party.''

The employment of an infant between the ages of fourteen and sixteen, provided a certificate is obtained, at any of the places, or in any of the services mentioned in subsection 10 of section 331a, or the employment of him without such certificate between the ages of sixteen and twenty-one at such places is not prohibited by the statute. Its provisions only put upon the employer ''a higher duty than the common law would impose.'' A failure, therefore, to observe such higher duty would not, according to our view, constitute an employment in violation of the Child Labor Law as contemplated by section 4911 of the statutes. We therefore conclude that the allegation relying upon such violations was properly stricken from the petition.

Wherefore, the judgment is reversed, with directions to set aside the order dismissing the petition, and for proceedings consistent with this opinion.