### Blanton, By, etc. v. Kellioka Coal Company.

(Decided June 24, 1921.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Inexperienced or Youthful Employe.—A master who employs a servant contrary to the provisions of Ky. Stats., sec. 331a, is liable for all injuries sustained by the infant,

having a causal connection with his employment, and he is not relieved of this liability by the fact that the infant misrepresented his age, although the master may have engaged the servant in good faith upon the belief that his age was as represented.

2. Master and Servant—Infants—Employment in Violation of Law.—Under the provisions of Ky. Stats., sec. 4911, where an infant employed in known and wilful violation of law has been injured, the right to determine the existence of the requisite facts authorizing an election to sue at law or accept the benefits under the compensation act rests with the guardian, or in case of the infant's death with his representative.

J. S. FORRESTER for appellant.

HALL & JONES for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This action was instituted in the name of appellant by his mother and next friend, seeking damages for personal injuries sustained through the negligence of appellee's employes while appellant was employed at the coal mine of appellee. The petition alleged that at the date of injury appellant was under the age of sixteen years and therefore was employed and working in known and wilful violation of law. The answer denied the allegations of the petition, pleaded contributory negligence and in a third paragraph alleged that appellee had elected to operate under the provisions of the workmen's compensation law and that appellant had accepted the provisions of said law, and any injuries received were of the kind and nature embraced by said compensation law, therefore appellant's only remedy was by a settlement under that law. It was further pleaded that appellant was employed as a person over eighteen years of age and so represented himself to appellee; also that the circuit court had no original jurisdiction of the subject matter until the compensation board first passed upon the case. These facts were pleaded in bar of plaintiff's right to maintain the action. A demurrer was filed to this third paragraph and upon submission the plea in bar was sustained, the court being of the opinion it had no jurisdiction to try the cause of action until the workmen's compensation board had first passed on the question of whether appellant's employment was in wilful and known violation of the child labor law. Appellant declined to plead further, the petition was dismissed without prejudice, and the present appeal followed.

Kentucky Statutes, section 331a, subsec. 9, provides that no child under the age of sixteen years shall be employed, permitted or suffered to work in any capacity in or about, or in connection with any mine, coke oven or quarry, nor in twenty-three other prohibited employments.

In Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6, it was held that if a master employs a servant contrary to the provisions of the child labor law, he is liable for all damages sustained by the infant having a causal connection with his employment, and this liability is not relieved by the infant misrepresenting his age at the time of employment, although the master believed such representation and engaged the servant in good faith upon that belief. And this is in line with the weight of authority. A contrary holding would result in an indiscriminate evasion of the statute and permit the parties to commit by indirection that which is expressly prohibited by statute in the furtherance of a wholesome public policy.

In Frye's Guardian v. Gamble Bros., 188 Ky. 283, 221 S. W. 870, we had under consideration the exact point raised by the plea in bar in the instant case. There the lower court had reached a conclusion similar to that held by the circuit judge in this case, viz.: construed section 4911 of the statutes to mean that before the guardian of an infant could sue for damages for injuries sustained by his ward, the compensation board must first determine the facts upon which the right of election to proceed before the compensation board or by an action at law depended, to-wit: whether the infant had been employed in known and wilful violation of law. In other words, the right to decide whether the infant was so employed was vested exclusively in the board.

The statute referred to, to-wit: section 4911, vol. 3, is as follows:

"In case any minor employe who is injured or killed is, at the time of such injury, employed in wilful and known violation by the employer of any law of this state regulating the employment of minors, his statutory guardian or personal representative of the minor so killed, may claim compensation under the terms of this act or may sue to recover damages as if this act had not been passed. If a claim to compensation be made under this section, the making of such claim shall be a

waiver and bar to all rights of action on account of said injury or death of said minor as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and bar of all rights to compensation under this act.''

But in the Frye case it was held that no such determination by the compensation board was necessary. In the course of its opinion the court said:

''To so construe section 4911 as to require the reference of the case to the compensation board for it to determine the existence of the facts upon which depends the right of election by the guardian or representative of the infant as therein provided for, and to make the determination of those facts by the board conclusive upon the parties in a subsequent suit brought in the exercise of that right, would inject something in the statute which clearly can not be gleaned from any language employed therein and according to our view would be tantamount to an amendment. Not only do we fail to find room for any such interpretation from the language employed, but to adopt it would actually render nugatory that part of the statute saying 'or may sue to recover damages as if this act had not been passed.' ''

The effect of the above decision being that under the provision of the statute, *supra,* the right to determine the existence of the requisite facts authorizing an election to sue at law or accept benefits under the act rests with the guardian of the infant if he is injured, or with his representative if he should be killed. The exact question involved in the present appeal having been heretofore passed upon by this court and a conclusion reached contrary to the view entertained by the circuit court it follows that in sustaining the plea in bar the trial court erred.

The judgment is accordingly reversed with instructions to sustain the demurrer to the third paragraph of the answer and for further proceedings not inconsistent herewith.