## Kellioka Coal Company v. Blanton, By, etc.

(Decided October 19, 1923.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Punitive Damages Not Allowed Injured Infant, in Absence of Willful or Wanton Negligence.—Under Ky. Stats., sections 331a-9, 4911, an injured servant under 16 years of age is not entitled to exemplary damages unless the causal negligence was willful, wanton, or gross.
2. Master and Servant—Verdict Properly Directed for Compensatory Damages for Injuries to Child.—In an action for injuries to a servant under sixteen years of age under Ky. Stats., section 331a-9, held that the court properly directed a verdict for compensatory damages upon every question except as to plaintiff's age.
3. Appeal and Error—When Probable Punitive Damages Permitted to Stand as Not Excessive for Compensation Alone.—The rule that the judgment should be affirmed where the court erroneously permitted punitive damages on the ground that the damages awarded are not excessive for compensation alone is confined to instances where the amount of verdict indicates so clearly that it contains nothing but compensation as to leave no reason for doubt on the subject.

HALL, JONES & LEE for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee, suing by his next friend to recover damages for personal injuries sustained while employed in appel-

lant's mine; alleged he was under 16 years of age at the time, and that his employment was in wilful and known violation of section 9 of the child labor law, now section 331a-9, Kentucky Statutes.

These allegations were denied by the first paragraph of the answer, as were the averments of injury and negligence. Upon these issues a trial was had, resulting in a judgment for the plaintiff in the sum of $2,500.00, and the defendant has appealed.

Numerous errors are relied upon for reversal, but those relating to the pleadings are concluded by a former appeal of the case, reported in 192 Ky. 220, 232 S. W. 614, and of the others only one is of sufficient merit to warrant discussion. That one relates to the first instruction given, which, in substance, directs the jury to find for the plaintiff if they believed he was under sixteen years of age at the time of his employment and injury, and to award him such sum in damages as would reasonably compensate him for physical and mental suffering and for the permanent impairment, if any, of his ability to earn money resulting directly from his injuries, and also such a sum in punitive damages as would reasonably punish defendant for having employed plaintiff in wilful and known violation of law.

The chief objections to the instruction are, that it submitted to the jury merely the question of plaintiff's age, and assumed not only negligence upon the part of defendant but that it was of such character as to warrant the imposition of punitive as well as compensatory damages.

Defendant did not introduce any evidence whatever, and plaintiff proved by his mother and himself, without objection, that he was under 16 years of age at the time of his employment and injury while so employed.

Section 9 of the act, *supra*, declares illegal the employment of a child under 16 years of age in a mine, as well as many other places, and by section 16 of the act it is provided the employment shall be punished by a fine for the first offense and by a fine and imprisonment for any subsequent violation of the act. In construing these provisions so as to make effective the evident legislative intent, we have held that by necessary implication the employment of a child under 16 years of age in any business prohibited by section 9 of the act is negligence *per se,* and renders the employer liable in damages for any injuries

resultant from such employment, even though the master may have engaged the servant in good faith upon the belief that he was, as represented by him, over 16 years of age. Louisville H. & St. L. Ry. Co. v. Lyons, 155 Ky. 396, 159 S. W. 971; Stearns Coal & Lumber Co. v. Tuggle, 156 Ky. 714, 161 S. W. 1112; Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Frye's Guardian v. Gamble Bros., 188 Ky. 283, 221 S. W. 870. The recovery, however, in each of those cases was limited to compensatory damages, and we never have held that an employment in violation of the statute was sufficient of itself to authorize the infliction of punitive damages. Upon the other hand, the cases, *supra,* hold that the consequences of such an employment are liability of the master to compensate the infant for the loss inflicted, as an insurer, and the inability to rely upon the ordinary affirmative defenses of contributory negligence, assumed risk, etc.

It seems to us that these implied penalties for a violation of the act, together with those expressly declared, are amply sufficient to accomplish fully the legislative purpose as expressed or implied, and we cannot therefore read into the act by implication the further provision that every injury under such an employment, regardless of the attendant facts and circumstances, will justify the infliction of exemplary damages.

The manifest injustice of such construction of the act is aptly illustrated by the facts of this case. There is no proof that plaintiff's injury resulted directly from gross or wilful or wanton negligence upon the part of the defendant or any of its agents at the time of the accident. Neither is there proof that his injury resulted indirectly from its gross or wilful or wanton negligence in employing him. Upon the other hand, it is easily inferrable from plaintiff's own testimony that when he applied for work at defendant's mine and was asked by its foreman how old he was, he did not answer truthfully.

Surely these facts furnish no reasonable grounds for punishing defendant and awarding plaintiff with smart money; and, in the absence of express statutory authority for so doing, we can not assume the legislature so intended.

As the allowance of punitive damages is not authorized by the statute, either expressly or by necessary implication, they were allowable, if at all, as in other cases

and under general principles only if the causal negligence was wilful or wanton or gross.

As already pointed out, there was no evidence of other than ordinary negligence as either the direct or indirect cause of the injury. The lower court was influenced, no doubt, to authorize punitive damages upon the theory the negligence was wilful because of the fact that upon the former appeal of this case we held, in accordance with former decisions, that plaintiff's employment was in wilful and known violation of law within the meaning of those terms as employed in section 4911, Kentucky Statutes, even though the master acted in good faith and upon the belief the servant was over sixteen years of age, as represented by him. But that section simply empowers the authorized representative of the infant to elect whether to proceed at law or under the workmen's compensation act for *compensation* for an injury to his ward who has accepted the provisions of that act, where the latter was employed in wilful and known violation of law. And obviously it does not follow that because the employment was in wilful and known violation of law so as to allow either of two remedies for *compensation*, a subsequent injury was wilfully inflicted so as to allow both compensation and smart money.

The employment was, at most, but the remote cause of the injury, and the primary or direct cause was the intervening action of defendant's servants at the time of the accident. And, while at first blush it may seem illogical to infer ordinary causal negligence for the injury from the illegal employment alone and to refuse to infer a greater degree of causal negligence therefrom, it is, we think, entirely just to all parties, and not in fact illogical, since the one is a necessary implication from the statutory provision and need not be proved, while the other is not, and must be proven, as we have tried to show.

We are therefore of the opinion that the court erred in authorizing the jury to assess punitive damages.

There is, however, no merit in the contention that the court erred in directing a verdict for compensatory damages upon every question except as to plaintiff's age, since upon the evidence there was no issue upon any fact put in the issue by the pleadings, and even upon the question of plaintiff's age at the time of his employment and injury there was no conflict in the evidence. Hence the court might well have taken even that question from the

jury and left to them only the question of the amount of the damages. In this state of case, the defendant could not have been prejudiced by minor inaccuracies in the instructions, of which there were several, and we need not refer to them.

The final insistence is, that even if punitive damages should not have been allowed, the judgment should be affirmed, nevertheless, upon the ground that the damages awarded are not excessive for compensation alone.

We have so held in some cases, but, as was pointed out in National Casket Co. v. Power, 137 Ky. 156, 125 S. W. 279, such cases are rare, always a source of more or less misgiving, and confined to instances where the amount of the verdict indicated so clearly that it contained nothing but compensation as to leave no room for doubt on the subject.

This case is not of that character, hence the judgment is reversed, and the cause remanded for proceedings consistent herewith.