## Goodloe's Executor v. Goodloe.

(Decided March 27, 1925.)

### Appeal from Fayette Circuit Court.

1. Judge—Governor Held Unauthorized to Appoint Regular Circuit Judge as Special Judge in Court of Continuous Session.—Act March 7, 1910 (Acts 1910, c. 3), as amended by Act March 18, 1912 (Acts 1912, c. 119), excludes circuit judges from assignment as special judges in courts of continuous session, and hence appointment by Governor of regular circuit judge as special judge of a court of continuous session is unauthorized and invalid.
2. Judges—Officer Clothed with Authority to Administer Justice by Hearing and Determining Cause Necessary to Constitute a Court. —To constitute a court, there must be an officer duly clothed by law with authority to administer justice by hearing and determining cause; if the judge is not qualified to sit, there is no court.
3. Judges—Validity of Appointment of Circuit Judge Must be Decided where Objection Promptly Made.—Where objection to qualification is promptly made, the validity of appointment of circuit judge must be decided.

HUNT, NORTHCUTT & BUSH for appellant.

F. A. BULLOCK, O'REAR, FOWLER & WALLACE and ALLEN. BOTTS & DUNCAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Mary E. Goodloe died a resident of Fayette county the owner of an estate of value over $225,000.00 which she disposed of by her will. The will was duly probated. The executor filed this action in the Fayette circuit court to obtain a construction of the will and the direction of the court as to the discharge of his duties as executor and trustee under the will. The regular circuit court judge was disqualified to act and this fact was certified to the Governor. The Governor wrote a letter to Hon. Henry

R. Prewitt, one of the circuit judges of the state, reciting the facts and appointing him as special judge. Judge Prewitt attended, filed the letter of the Governor and his commission as special circuit judge, issued to him as a regular circuit judge, took the oath and assigned the case to a day for trial. For some reason it was reassigned to another day. On that day the plaintiff appeared and filed objections to the special judge sitting in the case on the ground that he was not qualified. The court overruled the objection and proceeded to try the case and after the case was prepared for trial entered judgment against the plaintiff on the three questions on which the plaintiff sought the judgment of the court. The plaintiff appeals.

The first question to be determined is the authority of the special judge to preside. The act of March 7, 1910, (see Acts 1910, p. 20), provided in substance as follows:

Sec. 1. The regular circuit judges of the state, except in districts where courts of continuous sessions are held, are authorized to act as special judges of the circuit courts of the state. Sec. 2. In the absence of any regular circuit judge or when he cannot preside in any case, if the parties cannot agree upon an attorney who is present to act as judge and who shall receive no compensation for his services, the clerk shall at once notify the Governor who in turn shall immediately notify one of the circuit judges not engaged in holding a term of court and it shall be the duty of this circuit judge to hold the court and try the case. Sec. 3. It shall be the duty of the clerk, in districts where a court of continuous session is not held, to notify the Governor in writing immediately upon the adjournment of each term of his court and also of the time when the next term will be held. Sec. 4. It shall be the duty of the Governor to issue a commission to each of the circuit judges named in the first section, commissioning them as special judges of the state so long as they shall be regular circuit judges. The special judge must in addition to the oath prescribed by the Constitution take the oath therein provided. This oath, together with the certificate of the officer before whom it was taken showing the date thereof, shall be endorsed in writing on the commission. Sec. 5. The selection of

special judges, the reason for such selection and the fact that the oath has been taken must be entered upon the order book of the court. Sec. 6. Such special judges shall respectively receive an annual salary of $1,200.00, payable monthly out of the treasury.

By the act of March 18, 1912, the second section of this act was amended and re-enacted so as to read as follows:

"Sec. 2.    In the absence of the regular judge of any circuit court in this Commonwealth, *except the courts of continuous session as mentioned in the first section hereof,* or when he cannot preside in any particular case or cases, if the parties cannot agree upon an attorney who is present to act as judge, and who shall receive no compensation for his services, the clerk shall at once notify the Governor, who in turn, shall immediately notify one of the circuit judges mentioned above who is not then engaged in holding a regular or special term of court·in his district, and it shall be the duty of said circuit judge so notified by the Governor, to hold the court, or try the case, and the judge so notified by the Governor shall have all the powers of a regular judge of said court.

"Sec. 2a.    When from any cause the judge of any circuit court of continuous session being in attendance cannot properly preside in an action, proceeding or prosecution pending in said court, or if either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the parties, by agreement, may elect one of the attorneys of the court to hear and try the case  proceeding or application; and if any of the parties to said action, proceeding or prosecution are nonresident defendants, who have not entered their appearance, nor have been summond, or are infant  defendants, the attorney appointed to defend for such nonresidents, or the guardian *ad litem* for such infants, may agree with the other parties to such action, proceeding, or prosecution, upon a lawyer having all the qualifications of a circuit judge to try such action, proceeding or prosecution.  If the parties cannot agree upon an attorney to act as judge, as above stated, the clerk

of the court shall at once notify the Governor of the state who shall appoint as circuit judge an attorney having the qualifications of a circuit judge to try the case, and the judge so appointed shall have all the powers of the regular judge and receive the compensation hereinafter provided therefor.

"Sec. 2b.   When from any cause the judge of any circuit court of continuous session fails to attend, or is unable for any reason to hold the court, the clerk of said court shall at once notify the Governor of the state, who shall appoint as circuit judge an attorney having the qualifications of a circuit judge to hold the court during the time when the regular judge shall fail to attend, or shall be, as above stated, unable to hold said court, and the judge so appointed shall hold said court, and shall have all the powers of a regular judge, and receive for his services the compensation herein provided.

"Sec. 2c.   Any special judge appointed under section 2a or section 2b hereof, shall be paid for his services eight ($8.00) dollars per day and ten cents (10c) per mile in going to and returning from the court; but a special judge shall not be paid for any services as such unless he is engaged at least one day, nor unless the period of his services shall be certified by an order made by the regular judge from his own knowledge, or proof heard in open court.

"Sec. 2d.   Every special judge before entering on the discharge of his duties must, in addition to the oath prescribed by the Constitution, take an oath as follows:

" 'I A. B., do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge all the duties incumbent upon me as judge, according to the best of my abilities.'

"Sec. 2e.   The commission of judges, the selection of special judges, the reason of such selection, and the fact that the requisite oaths have been taken, must be entered on the order book of the court." Acts of 1912, p. 413.

Under the act of 1910, the circuit judges of the state in districts having no court of continuous session, under their commissions as special judges, could act as

special judges in courts of continuous session. The Fayette circuit court is a court of continuous session. The question presented is, does the act of 1912 merely widen the field from which the Governor may select a special judge for a court of continuous session and authorize him to appoint either a circuit judge or an attorney having the qualifications of a circuit judge or does it exclude from such selection the regular circuit judges holding commissions as special judges under the 4th section of the act of 1910?

A careful study of the act of 1912 compels the court to adopt the latter conclusion. It was the policy of the original act to pay the circuit judges $1,200.00 a year for their services under the act and not to pay any other special judges. But the act of 1912, by subsection 2c, provides that any special judge appointed under section 2a or 2b shall be paid for his services $8.00 a day and 10c a mile in going to and returning from the court. Clearly it was not intended that the circuit judge should receive his $1,200.00 a year and in addition $8.00 a day when holding a court of continuous session. The compensation for holding the court was plainly allowed on the ground that the person so holding the court would otherwise receive no pay. The paragraph of the act headed section 2 applies to all courts except the courts of continuous session. Sections 2a, 2b, 2c, 2d and 2e all apply to courts of continuous session. There was no necessity for sections 2d and 2e unless this was their meaning, for these matters were covered by sections 4 and 5 of the original act. Under the original act the oath taken by the judge together with the certificate of the officer before whom it was taken showing the date thereof, shall be endorsed in writing on the commission. But under sections 2d and 2c this is not required and it is required that this must be entered on the order book of the court. The paragraph of the act headed section 2 is the only section of the act authorizing the Governor to notify one of the circuit judges to hold the court and in this section, which is the same as the original act, these words, which we have placed in italics above, are added by the amendment, "except the courts of continuous session as mentioned in the first section hereof." The amendment of the act by inserting these words was necessarily intended to except courts of continuous session from the operation of that section and the additional sections were

added to provide for these courts which had been thus excepted out of the operation of the section as originally enacted. Reading all the provisions of the amendment together there is no escaping the conclusion that it was drawn to provide a different plan for securing special judges for courts of continuous session. The additional paragraphs that were added were added to provide such a plan and these paragraphs, taken as a whole, show a deliberate purpose to exclude the circuit judges from assignment as special judges in courts of continuous session. One reason for the legislature so providing may be that the regular circuit judges having their regular terms to hold cannot be away from their districts very long at a time without detriment to the public business. They can go and hold special terms, but a court of continuous session where the circuit judge is disabled would be very much crippled if held by different circuit judges as special judges when the regular judge is disabled, and so it was thought best to provide a separate plan for special judges of these courts. The act is plainly so carefully drawn to this end that we are forced to the conclusion that courts of continuous session were intended to be provided for only as set out in sections 2a, 2b, 2c 2d and 2e, and that Judge Prewitt had not authority to hold the court.

The law is well settled that to constitute a court there must be an officer or officers duly clothed by law with the authority to administer justice by hearing and determining the cause. If the judge is not qualified to sit there is no court. Stevens v. Young, 180 Ky. 154; 33 C. J. 1020-1, and cases cited. The objection to Judge Prewitt was made by the plaintiff when the plaintiff appeared before him and was the first motion that he made. The rule is well settled that if the objection is promptly made the validity of the appointment of the circuit judge must be decided. 33 C. J. 1039.

As the case should be first tried in the circuit court properly constituted the merits of the case are not now before the court.

Judgment reversed and cause remanded for further proceedings consistent herewith. Whole court sitting.