## Warren v. Security Trust Company, Executor, et al.

(Decided May 8, 1925.)

Appeal from Fayette Circuit Court.

Judges—Governor Held Unauthorized to Appoint Regular Circuit Judge as Special Judge in Court of Continuous Session.—Under Ky. Stats., section 971-2a, appointment by Governor of regular circuit judge as special judge of court of continuous session was unauthorized and invalid.

JOHN R. ALLEN and ALLEN, BOTTS & DUNCAN for appellant.

EDWARD C. O'REAR, W. T. FOWLER and O'REAR, FOWLER & WALLACE for appellees except Security Trust Company.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The litigated question in this case concerned the true construction of certain parts of the will of Mary E. Goodloe, who died testate and a resident of Fayette county. The nominated executor in the will, who was also made trustee therein, attempted to sell to appellant a certain parcel of realty belonging to the estate, and the question involved relates to the power and authority of the trustee to sell that parcel of real estate under the power conferred upon it by the will.

It became necessary for a special judge to preside in the case and the Governor of the Commonwealth at the time undertook to designate Hon. Henry R. Prewitt, the regularly elected and qualified judge of the Montgomery circuit court and of other counties within the twenty-first judicial district, to preside at the trial. Objections were made by appellant to his appointment and to his presiding and hearing the cause, upon the grounds that he had not been properly designated by the Governor, but if he had been, then that he was ineligible to preside as special judge of the Fayette circuit court, it being one of continuous session and the appointee being regularly elected and qualified judge of a court not of continuous session, and in support of the latter ground he relied on subsection 2a of the act of March 18, 1912, Session Acts for that year, page 413, and now section 971-2a of the 1922 edition of our present statutes. Both objections of appellant were overruled and he excepted. The trial resulted adversely to him and he has appealed,

insisting upon the merits of his motion, as well as error in the judgment upon the merits of the case as grounds for a reversal.

The precise question was presented in the case of Goodloe's Executor v. Goodloe, 208 Ky. 189, wherein the same circuit court judge was designated to preside over the same circuit court in a case relating to the same estate but involving a different question, and we held that under the 1912 act, *supra*, Judge Prewitt was ineligible for designation as a special judge by the Governor to preside in the cause, and for that reason alone the judgment was reversed. We will not repeat here the reasoning for that holding but will content ourselves with referring to that opinion for such information, and with the further statement that we have reconsidered the question on this hearing and find no fault with the opinion referred to.

It, therefore, results that, without expressing any opinion on the merits of the judgment, it must be and is reversed for the same reasons stated in Goodloe's Executor v. Goodloe, *supra*, with directions to set it aside and for proceedings consistent herewith.