## Clapp et al. v. Sandidge, Special Judge.

(Decided September 24, 1929.)

C. C. GRASSHAM and M. C. ANDERSON for appellants.

W. P. SANDIDGE, pro se.

OPINION OF THE COURT BY JUDGE WILLIS—Denying writs of prohibition.

D. B. Clapp and R. N. Scott each instituted an original action in this court, seeking to obtain a writ of prohibition against Judge William P. Sandidge to prevent him from trying certain cases in the McCracken circuit court in which Clapp and Scott were interested parties. The regular judge was disqualified, and Judge Sandidge had been duly designated as special judge to try the cases. The two actions are alike, have been consolidated, and will be disposed of as one.

The first ground relied upon for the writ is that Judge Sandidge is not eligible to act as special judge of the McCracken circuit court, because he is not a member of the local bar of McCracken county. The act relating to special judges (section 971-3, Ky. Stats., Supp. 1928) provides that when, from any cause, a judge of a circuit court of continuous session may not properly preside in an action, a special judge may be agreed upon by the parties, or, if the parties are unable to agree, the Chief Justice is authorized to appoint as such special judge a member of the local bar. Act March 29, 1926, p. 128, c. 31, sec. 3. By section 4 of the act special judges of circuit courts other than courts of continuous session may be appointed by the Chief Justice, and any attorney in the state, possessing the qualifications of a circuit judge, is eligible to appointment. Section 971-4, Ky. Stats.. Supp. 1928. It will be seen that the act made distinct provisions for the the appointment of special judges in circuit courts of continuous session, and in the other circuit courts. The statute relates solely to that subject,

and when it was enacted courts of continuous session were already established in those counties which consti-tuted a judicial district. Each of such districts contained a large city, and the number of practicing attorneys was so large that no difficulty was likely to be encountered in finding disinterested and qualified attorneys to serve as special judges. This court held that the appointment of a regular circuit judge from one of the judicial dis-tricts in which there was no court of continuous session conferred no right to act as special judge of a court of continuous session, and judgments of such a court ren-dered by a judge so appointed were erroneuos and re-versible on appeal. Goodloe's Ex'r v. Goodloe, 208 Ky. 189, 270 S. W. 790; Warren v. Security Trust Co., 208 Ky. 787, 271 S. W. 1074.

In 1928 the General Assembly passed an act which was entitled an act to make all circuit courts in this com-monwealth situated in any county containing cities of the second or third class, which were not then courts of continuous session, courts of continuous session for the trial of equity cases or common law cases in which no jury trial was requested or required. Acts 1928, p. 160, c. 28. It will be seen that the act related only to certain cases pending in the circuit courts in counties containing cities of the second or third classes, and not to the court itself. It does not convert the courts in such districts into courts of continuous session. Manifestly it could not do so, since the judges of those courts must also hold regular terms of court in other counties. The act itself provides that all regular terms of court in all such coun-ties must be held as provided by law. Obviously a circuit judge could not hold court continuously in one county, and, at the same time, hold regular terms there and in the other counties of his district, in each of which he is re-quired by the Constitution (section 131) to hold at least three terms of court each year.

The true construction of the act is that it applies the laws governing the practice in courts of continuous ses-sion to the trial of equity cases and other cases in which a jury is not required to circuit courts in counties con-taining cities of the second or third class, although con-stituting a part of a judicial district containing other counties. It does not purport to affect, and does not in fact affect, the appointment of special judges for such courts. It relates only to the trial of certain cases. It

provides for trials of those particular cases at any time they may be ready and the judge available, without awaiting a regular term of the court. A construction of the act applying it to the selection of special judges for such courts would result in the anomaly of requiring the appointment of special judges of such courts for the trial of equity and nonjury cases, in accordance with section 971-3, Ky. Stats., Supp. 1928, whilst special judges for the trial of jury cases would have to be selected as prescribed by section 971-4, Ky. Stats., Supp, 1928. In practical operation it would authorize the appointment at the same time of two judges of the same court, only one of whom would be required to be a member of the local bar. Manifestly such an absurd result was not intended, and it is not required by the terms of the act. Although the language of a statute may be ambiguous, yet if it is susceptible to a construction that will render it reasonable, that construction will be adopted in preference to one making it absurd. Neutzel v. Travelers' Protective Ass'n, 168 Ky. 734, 183 S. W. 499; Frye's Gdn. v. Gamble Bros., 188 Ky. 283, 221 S. W. 870; Com. v. Ledman, 127 Ky. 603, 106 S. W. 247; Goodpaster v. U. S. Mortgage Bond Co., 174 Ky. 284, 192 S. W. 35.

The act of 1928 provides (section 3) that all laws of the commonwealth governing courts of continuous session shall govern the other circuit courts described in the act as to all cases on the equity docket or on the common-law docket, except where trials by jury are demanded or ordered, which trials shall be held during the terms provided by law. That provision does not refer to the laws regulating the appointment of special judges, but requires merely that the practice in the cases enumerated shall conform as to the time and method of trial to that prevailing upon the subject in courts of continuous session. Many of the laws relating to courts of continuous session are inapplicable in judicial districts containing more than one county, whilst the construction indicated as the true one renders the act readily workable. The principles and practices prevailing in courts of continuous session may be readily applied to the trial of equity and nonjury cases in the other courts mentioned in the act. The statute has been so construed from its enactment, and under that construction many special judges have been appointed and have conducted courts. This practical administration of the law has been acquiesced

in by litigants and officials without question until this proceeding was instituted. It is our conclusion that there is no substantial basis for the contention that Judge Sandidge is not eligible, under his appointment as special judge, to try the actions covered by his commission.

Another ground for the relief sought is suggested in the petitions based upon the fact that Judge Sandidge had refused to vacate the bench, but by the reply since filed that ground is definitely abandoned. The question, in any event, is foreclosed by previous decisions of this court. Duffin v. Field, 208 Ky. 543, 271 S. W. 596; Ledford v. Lewis, 227 Ky. 396, 13 S. W. (2d) 276.

In thus disposing of the questions, we have necessarily concluded that no ground exists for granting the writ of prohibition. It must not be overlooked, however, that a writ of prohibition would not necessarily be available, even though our decision on the issue presented had been otherwise. Section 110 of the Constitution confers upon this court power to issue such writs as may be necessary to give a general control of inferior jurisdictions, and numerous precedents have been established in construing and applying that particular provision of the fundamental law. The writ of prohibition will be issued to restrain an inferior court from proceeding beyond its jurisdiction (Ketcham v. Manning, 212 Ky. 325, 279 S. W. 344; Com. ex rel. v. Youngblut, 159 Ky. 87, 166 S. W. 808; Jenkins v. Berry, 119 Ky. 350, 83 S. W. 594), and likewise where the inferior court is acting within its jurisdiction, but proceeding erroneously, if the action may result in great injustice or irreparable injury for which no other adequate remedy appears available (Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537; Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475), and also, in the exercise of a sound discretion, the writ may be granted in extraordinary cases, when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice (Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460; Western Oil Ref. Co. v. Wells, 180 Ky. 36, 201 S. W. 473; Ill. Cent. R. Co. v. Rice, 154 Ky. 198, 156 S. W. 1075).

But the remedy will be denied in cases not possessing the essential characteristics delineated by the decisions, or, in other words, when it is not necessary in order for this court to vindicate and maintain its constitutional control over inferior jurisdictions. Carey v. Sampson, 150 Ky. 460, 150 S. W. 531; Potter v. Gardner, 222 Ky.

487, 1 S. W. (2d) 537; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Rush v. Childers, 209 Ky. 119, 272 S. W. 404; Com. v. Carmichael, 192 Ky. 171, 232 S. W. 644. The reported cases sufficiently elucidate and illustrate the principles that govern this court in proceedings of this character, and require at this time no further elaboration. It is not clear that a challenge of the eligibility of a special judge would call for the application of this extraordinary remedy (15 R. C. L. p. 520, sec. 10; 22 R. C. L. p. 17, sec. 15; 32 Cyc. 620; 33 C. J. p. 1038; sec. 237; Coquillard Wagon Wks. v. Melton, 137 Ky. 189, 125 S. W. 291; Bentley v. Stewart, 180 Ky. 27, 201 S. W. 978), when the question could be reviewed on an appeal from a final judgment (Goodloe v. Goodloe, supra; Warren v. Security Trust Co., supra); but since we have found that Judge Sandidge was not ineligible to the office of special judge it is not necessary to determine that question.

The motion for a writ of prohibition is denied, and the petition of the plaintiff in each case is dismissed, at the cost of the plaintiffs.

Whole court, except Judge Logan, sitting.