## Cox's Administrator v. Hooven & Allison Co.

(Decided Oct. 17, 1933.)

L. S. SHEPLER and JOHN S. ROEBUCK for appellant.

MACKOY & MACKOY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Edna Cox, a female of 17 years of age, was employed by the appellee as an operator of a power machine at a factory in Covington, Ky. On April 8, 1927, while engaged in and about the duties of her employment she was caught and drawn into the machine and was severely injured, and as a result thereof died within a few days thereafter. W. S. Cox was appointed administrator of her estate and instituted this action in the Kenton circuit court for the purpose of recovering of appellee for the wrongful death of his decedent.

It is alleged in the petition, among other things that ''she was ordered by the defendant, its agents and servants superior to her, to work upon a large power machine, and palpably dangerous machinery, which machine and machinery was not guarded as provided by the laws of this Commonwealth with reference to the employment of minors about or upon dangerous machinery * * *, that notwithstanding her immaturity and inexperience to work upon said machine and palpably dangerous machinery, which said machine and machinery was not supplied with belt shifters and other mechanical contrivances for the purpose of throwing belts on or off pulleys and was not properly guarded; that while she was so employed upon said machine, * * * in willful and known violation of the laws of this state, regulating the employment of minors, and within a few minutes after she began work thereon and therewith, her body was caught by reason of the palpably dangerous character of said machine and the unguarded and unsafe condition, drawn into said machine and so injured that as a result thereof she died. * * *''

The defendants' answer consists of, first, a plea to the jurisdiction of the court alleging that the appellee, defendant below, was operating under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), and that the Workmen's Compensation Board had sole and exclusive jurisdiction of the case. Without waiving its plea to the jurisdiction of the court, appellee traversed

all the material allegations of the petition and further pleaded, in separate paragraphs, contributory negligence and assumed risk. Appellant, plaintiff below, filed its reply traversing all the affirmative allegations contained in the answer, and further pleaded in avoidance to appellee's plea in abatement, contributory negligence and assumed risk, that the decedent was employed in willful and known violation by the defendant of section 331a-12 of the Kentucky Statutes, which regulates the employment of minors, and at the time of said injuries, decedent, a female under the age of 21 years, to wit, 17 years of age, was employed, permitted and suffered by the defendant to work as an operator on a large power machine in its factory in the state of Kentucky, which work compelled her to remain standing constantly; and further pleaded that under the provisions of section 4911 of the Kentucky Statutes, which is a section of the Workmen's Compensation Act of Kentucky, where a minor employee, who is injured or killed, is, at the time of the injury or injuries causing death, employed in willful and known violation of any law of the state regulating the employment of minors, in such event the guardian or personal representative of the minor may sue to recover damages as if said Workmen's Compensation Act had not been passed.

Appellee filed a general demurrer to paragraphs one and two of appellant's reply, and also a motion to strike from the record all allegations contained therein with respect to the unlawful employment of the decedent, under sections 331a-10, 331a-12, and 4911. The demurrer and motion to strike was sustained by the court, and appellant failing to plead further, the petition was dismissed, and from the order dismissing the petition, this appeal is prosecuted.

It is insisted for appellee that the reply is a departure from the petition, and sets up a new and entirely different cause of action. In this we are unable to agree. Plaintiff's cause of action was for the wrongful death of his decedent and the fact that appellant's reply, which is a plea in avoidance to the allegations of appellee's answer, merely amplifies and extends the allegations of the petition by setting out more specifically and definitely the alleged unlawful employment of decedent, does not constitute a departure in view of

section 98 of the Civil Code of Practice and cases cited in notes thereunder.

It will be noticed that it is alleged in the petition that the decedent was a minor, 17 years of age, and was employed in "Willful and known violation of laws of this State regulating the employment of minors. * * *"

In response to appellee's plea of assumed risk the reply amplifies the allegations of the petition by setting out specifically that the employment was unlawful under sections 331a-10 and 331a-12. Section 331a-10 makes it the duty of manufacturing establishments, where any person under 21 years of age is employed, to furnish and supply when practicable certain safety devices mentioned therein.

In the cases of Frye's Guardian v. Gamble Bros., 188 Ky. 283, 221 S. W. 870, and D. E. Hewitt Lbr. Co. v. Brumfield, 196 Ky. 723, 245 S. W. 858, it was held that failure on part of the employer to so equip such machinery with such safety devices does not constitute an unlawful and known violation of the law. Such employment must have been contrary to the terms of the statute, or the infant must have been put to work at some place absolutely prohibited by the statute.

In view of the construction placed upon subsection 10 of section 331a under the cases, supra, it is doubtful that appellant's plea under this statute would entitle him to sue for damage under the provisions of section 4911. But section 331a-12 presents a different question: This section reads:

"No female under twenty-one years of age shall be employed, permitted or suffered to work in any capacity in this Commonwealth, where such work compels her to remain standing constantly."
Paragraph two of the reply reads:
"Plaintiff for reply to paragraph two of the answer herein says that Plaintiff's decedent, at the time of the injuries set forth in the petition, was employed in willful and known violation by the defendant of Section 331a-12 of the Kentucky Statutes, a law of the State of Kentucky regulating the employment of minors, in that said decedent was, at the time of said injuries a female under the age of twenty-one, towit: seventeen years of age, and was then employed, permitted and suffered by the

defendant to work as an operator of a large power machine in its factory in the State of Kentucky, which work compelled her to remain standing constantly; and further says that under the provisions of section 4911 of the Kentucky Statutes, which is a section of what is known as the Workmen's Compensation Act of Kentucky, where a minor employee, who is killed, is, at the time of the injuries causing death, employed in willful and known violation by the employer of any law of the State of Kentucky regulating the employment of minors, then the personal represetnative of the minor may sue to recover damages as if said Workmen's Compensation Act had not been passed."

The above-quoted paragraph of appellant's reply is in response to appellee's plea to the jurisdiction of the court, in that appellant relies upon the unlawful employment of decedent under subsection 12 of section 331a of the Statutes and upon the right to sue for damages under the provisions of section 4911.

It is our conclusion that under the allegations of the petition, the decedent, a female under 21 years of age, being permitted or suffered to work in a capacity where such work compelled her to remain standing constantly, such employment was in violation of the statute, supra. Subsection 10 of section 331a of the statute does not prohibit the employment of such infants to work at such work mentioned therein, but merely enjoins upon the employer the duty to provide certain safety appliances. But under section 331a-12 there is no escape from the conclusion that the employment of a female under 21 years of age, if the nature of the work compels her to remain standing constantly is prohibited. Frye's Guardian v. Gamble Bros., supra.

It is argued for appellees that according to the allegations of the petition decedent could not have been required to stand "constantly," because it is alleged that she had been working at this place only a few minutes before the accident which resulted in her death. In this we are unable to agree. The question is not how long an employee had been standing prior to the time of the injury; but does the nature of the work require such employee to stand constantly.

It is alleged in the pleadings that the nature of this work required the decedent to stand constantly and is

immaterial how long she had been standing at the place of injury when the injury occurred.

Under the facts disclosed by this record, in the light of the authorities cited herein, it is our conclusion that the trial court erred in sustaining appellee's demurrer and motion to strike from the record the allegations of appellant's reply.

For reason indicated, the judgment is reversed and remanded for proceedings consistent herewith